### ARTHUR v. STATE. (2 Div. 277.)

(Court of Appeals of Alabama. June 30, 1923.)

**1. Intoxicating liquors ⬳238(1) — Whether apparatus found was part of still, for jury.**

In a prosecution for possessing a still, whether evidence of defendant's possessing a tub, trough, pans, or buckets and wet meal, constituted a part or parts of a still or device or substitute therefore to be used in manufacture of liquors, was for the jury.

**2. Criminal law ⬳517(4) — Confession not admissible until corpus delicti is proven.**

A confession is not admissible until the corpus delicti is first proven, but if facts are shown from which the jury may infer that the crime has been committed, any other evidence tending to implicate accused is thereby rendered admissible.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⊛⇒517(4) — Circumstances tending to prove corpus delicti may be aided by confession.**

Facts or circumstances tending prima facie to show corpus delicti may be aided by confession of accused, although such facts and circumstances, standing alone, would not show existence thereof.

**4. Intoxicating liquors ⊛⇒236(5)—Possession of still suitable for making whisky prima facie evidence of guilt.**

In view of Acts 1919, p. 1086, there was no error in a prosecution for possessing a still in charging that the unexplained possession of a part or parts of a still, suitable for making whisky and to be used for that purpose, was prima facie evidence of guilt.

**5. Intoxicating liquors ⊛⇒238(2)—Refusal of affirmative charge held proper.**

In a prosecution for possessing a still, in view of evidence supporting a verdict of guilty, there was no error in refusing defendant's affirmative charge.

**6. Criminal law ⊛⇒535(2) — Instruction that still must be owned or under defendant's control before considering his confession, properly refused.**

In a prosecution for possessing a still, there was no error in refusing a charge that the jury must find that there was a still or other apparatus owned or under defendant's control before they could consider defendant's confession.

**7. Criminal law ⊛⇒881(2)—Verdict of guilty of distilling not responsive to indictment, in view of affirmative charge.**

Where indictment contained a count charging defendant with distilling or making alcoholic liquor, and the second count charged that he had in his possession a still, and the affirmative charge was given for defendant as to the first count, a verdict finding defendant guilty "of distilling as charged in the second count" could not support judgment of conviction.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Andrew Arthur was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Charge 6, refused to defendant, reads:

"6. The court charges the jury that they must find that there was a still or other apparatus to be used for the purpose of manufacturing, owned or under the control of defendant, before they can consider the confession of the defendant."

Pitts & Leva, of Selma, for appellant.

A confession is not admissible until the corpus delicti has been proved. Smith v. State, 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21; Johnson v. State, 142 Ala. 1, 37 South. 937; Hill v. State, 207 Ala. 444, 93 South. 460. The guilt of accused must be proved beyond a reasonable doubt, and mere suspicion is not sufficient. Gamble v. State,

ante, p. 82, 95 South. 202; Moon v. State, ante, p. 176, 95 South. 830; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Fillmore v. State, 18 Ala. App. 334, 92 South. 94.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The indictment contained two counts, the first count charging the defendant with distilling or making alcoholic liquor; the second count charging that the defendant had in his possession a still, etc.

The court gave the general affirmative charge for the defendant as to the first count, and the jury's verdict was:

"We the jury find the defendant guilty of distilling as charged in the second count of the indictment."

[1] The evidence for the state tended to show that defendant had a pasture on the plantation of one Kirkpatrick in Dallas county, that the defendant was in the pasture within a few yards of a tub, a trough with some mash in it, and one or two little cans or buckets such as are used for dipping water. There was wet meal found in the trough. There were some ashes where fire had been.

The defendant's wagon and horses were just outside the pasture on the road which crossed the pasture fence. There was in the wagon some kindling, an axe, a sack, and three one-gallon cans. The defendant introduced no evidence.

It is insisted by counsel for appellant that there was no evidence that the defendant was in possession of a still or any part of a still. It was a question for the jury to determine whether the tub and the trough found constituted a part or parts of a still or device, or substitute therefor, to be used in the manufacture of prohibited liquors, and they could consider all the surrounding circumstances in evidence in reaching a conclusion on this point.

[2] It is a well-settled rule that a confession is not admissible until the corpus delicti is first proven. But if any facts are shown from which the jury may reasonably infer that the crime has been committed, any other evidence tending to implicate the accused is thereby rendered admissible.

[3] It is also settled that—

"Inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti." Hill v. State, 207 Ala. 444, 93 South. 460; Matthews v. State, 55 Ala. 187; Ryan v. State, 100 Ala. 94, 14 South. 868; 16 Corpus Juris, § 1514, p. 737.

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There was evidence of the corpus delicti, and the court did not err in admitting in evidence the confession of the defendant, after proper predicate was laid showing that the confession was voluntary.

The burden was upon the state to prove beyond a reasonable doubt that the crime charged had been committed and that the accused was guilty. Hill v. State, 207 Ala. 444, 93 South. 460, and authorities there cited.

[4-6] There is no merit in the exceptions reserved to the evidence. The court did not err in charging the jury that the unexplained possession of a part or parts of a still that is suitable for making whisky and to be used for the purpose of manufacturing liquor is prima facie evidence of guilt. Acts 1919, p. 1086. Charges 1 and 2, the affirmative charges for the defendant, were properly refused. There was evidence to support a verdict of guilt. Charge 6 was properly refused.

[7] The verdict of the jury finding the defendant "guilty of distilling as charged in the second count" and the judgment thereon was error. There was no such charge in the second count; said count charging the possession of a still. There was no evidence upon which to base a verdict of guilt on the distilling count, and the trial court so charged the jury.

For the error indicated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.