(100 So. 457)

## WINDHAM v. STATE. (5 Div. 452.)

(Court of Appeals of Alabama. June 3, 1924.)

1. Criminal law ⬤═369(1)—Admission of proof of commission of other offense, and refusal to exclude same, held reversible error.

In a prosecution for keeping a gaming table, in violation of Code 1907, § 6985, allowing state, over objections, to prove a violation by accused of the prohibition law, and overruling motion to exclude such evidence, held reversible error, in view of Const. 1901, § 6.

2. Criminal law ⬤═308—Presumption of innocence prevails until proof establishes guilt beyond all reasonable doubt and to moral certainty.

Burden resting on state required that guilt of accused be established beyond all reasonable doubt and to a moral certainty, and until such evidence was adduced the presumption of in-

nocence which attended accused on the trial prevailed.

**3. Gaming ⬥98(4)—Evidence held insufficient to support conviction for keeping gaming table.**

Evidence *held* not to show beyond a reasonable doubt that accused kept, exhibited, or was interested or concerned in keeping or exhibiting, a table for gaming in violation of Code 1907, § 6985.

Appeal from Circuit Court, Russell County; Lum Duke, Judge.

Charlie Windham was convicted of keeping a gaming table, and appeals. Reversed and remanded.

Harwell G. Davis, Atty Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. [1] The defendant was indicted for the violation of section 6985 of the Code 1907—keeping a gaming table. Upon the trial of this case in the court below, the court, over the seasonable and insistent objections of defendant, allowed the state to prove a separate and distinct offense against defendant, that of violating the prohibition law, and overruled a motion to exclude this testimony. The exceptions reserved to the court's rulings in this connection are well taken, for in each of these rulings the court committed prejudicial error, necessitating a reversal of the judgment appealed from. A defendant, charged with a criminal offense, whether by complaint or indictment, is required to answer only the specific charge contained in the accusation against him, and none other. The rulings of the court, here complained of, appear to be in the teeth of the constitutional provision, which provides that in all criminal prosecutions the accused has a right to be heard by himself or counsel, or either, to demand the nature and cause of the accusation, etc. Const. 1901, § 6. In Gassenheimer v. State, 52 Ala. 313, the Supreme Court said:

"No man shall be twice put in jeopardy for the same offense, and of the nature and cause of the accusation made against him he shall be fully informed before he is called to trial, is the paramount law of the land. Than that accusation he cannot be supposed to stand prepared to answer."

See, also, Dennison v. State, 17 Ala. App. 674, 88 South. 211, upon which authority a reversal of the judgment in this case could properly be predicated. As said in the Dennison Case, supra:

"The justice, fairness, and reason for the rule is apparent, and * * * 'a strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice.'"

The evidence thus erroneously allowed and the fact proven thereby was in no sense an element of the offense charged against the defendant by the indictment in this case.

[2, 3] Moreover, after a careful study of the testimony contained in this record, it appears very doubtful that the evidence was sufficient to meet the burden resting upon the state, which requires that the guilt of the accused must be established beyond all reasonable doubt and to a moral certainty. Until such evidence is adduced, the presumption of innocence which attended the accused upon this trial prevailed. Here the only facts tending to connect the defendant with the gaming table in question were testified to by state witness, H. D. McCord, wherein he stated he—

"asked the defendant if there was any gaming going on, and the defendant stated to him, in the presence of Newberry and a taxi-cab driver, that there was a game being conducted in the rear of the building, to which the defendant carried him; that the building in which the game was being conducted was to the rear of another building, in which the defendant at that time was carrying on a grocery business."

This, we think, falls far short of the necessary proof to show beyond a reasonable doubt that the defendant kept, exhibited, or was interested or concerned in keeping or exhibiting, a table for gaming. The motion for a new trial is properly presented, and we are of the opinion the court erred in overruling same.

For the errors designated, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.