(104 So. 679)

**BENTLEY v. STATE.** (7 Div. 89.)

(Court of Appeals of Alabama. May 19, 1925. Rehearing Denied June 9, 1925.)

**1. Criminal law ⬖⇒888—Duty of court to prevent an unintelligible or insufficient verdict from passing into records of court.**

It is duty of court and prosecuting officer to look after form and substance of verdict returned, so as to prevent an unintelligible or insufficient verdict from passing into records of court.

**2. Criminal law ⬖⇒881(1)—Verdict of guilty on first indictment bad, where only one indictment.**

Verdict of jury, "We, the jury, find the defendant guilty on the first indictment," was bad, where defendant was being tried on but one indictment.

Appeal from Circuit Court, Cleburne County; S. W. Tate, Judge.

Tom Bentley was convicted of distilling, and he appeals. Reversed and remanded.

J. C. Nichols, of Heflin, for appellant.

The verdict of the jury is not sufficient to sustain the judgment. Arthur v. State, 19 Ala. App. 311, 97 So. 158; Allen v. State, 52 Ala. 391; Hawes v. State, 19 Ala. App. 280, 97 So. 114; Pate v. State, 19 Ala. App. 642, 99 So. 833.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The words "on the first indictment," as used in the verdict, should be treated as sur-

plusage, thus leaving a general verdict, which might be referred to either count of the indictment. 4 Michie's Ala. Dig. 481, 482; Roberson v. State, 18 Ala. App. 634, 94 So. 132; Jurzak v. State, 19 Ala. App. 290, 97 So. 178.

RICE, J. [1] The defendant was convicted of distilling, etc., and appeals. As was said by Mr. Chief Justice Brickell in Allen v. State, 52 Ala. 391:

"When the jury return into court with a verdict, it is not a matter of course to receive it in the form in which it is rendered. It is the duty of the court, and of the prosecuting officer, to look after its form and substance, so far as to prevent an unintelligible, or a doubtful, or an insufficient verdict from passing into the records of the court, to create embarrassments afterward and perhaps the necessity of a new trial. The court should require the jury, by their verdict, to pass upon the whole indictment, in such form of words as shall constitute a sufficient finding in point of law, or, if they refuse, decline altogether to accept the verdict. If the court and Solicitor had taken the precaution to, examine into the form of this verdict, and the court had required the jury, in intelligible language, to express the extent of their finding, there would not have been, as there ought not to have been, any necessity for this adjudication. 1 Bish. Cr. Pr. § 832."

[2] The verdict of the jury in this case was, "We, the jury, find the defendant guilty on the first indictment." The defendant was being tried upon but one indictment. The said verdict is not in compliance with, or responsive to, the instructions of the court in his oral charge to the jury, and the judgment based on this verdict will not do, and cannot stand, but of necessity the appeal taken therefrom must be sustained, and the judgment reversed, which is accordingly here ordered and adjudged. Pate v. State, 19 Ala. App. 642, 99 So. 833; Arthur v. State, 19 Ala. App. 311, 97 So. 158.

As what we have said is conclusive of this appeal, there is no necessity for discussing the other questions presented.

Reversed and remanded.