(139 So. 571)

## WEEMS v. STATE.
### 6 Div. 73.

Court of Appeals of Alabama.

Jan. 19, 1932.

Rehearing Denied Feb. 2, 1932.

E. L. Dodson, of Tuscaloosa, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

It is provided by statute (section 3258, Code 1923): "In cases taken to the supreme court or court of appeals under the provisions of this chapter [74 of the Code], no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands," etc.

In compliance with the foregoing statutory requirement, we have examined the record in this case, and as a result of the reversible errors apparent thereon we need not consider the points of decision presented by the assignment of errors consisting of 42 specific grounds.

This appellant was indicted for a violation of the offense denounced by section 4912 of the Code. The indictment contained one count only and charged this appellant, defendant in the court below, with buying, receiving, concealing, or aiding in concealing a certain Ford car described therein and alleged to be the property of T. A. Hargrove and Allen Hargrove, partners doing business under the firm name of Hargrove Drive It Company, knowing that it was stolen and not having the intent to restore it to the owner, etc.

Upon the trial of this case in the court below the jury returned the following verdict: "We, the jury, find the defendant guilty of *Grand Larceny*, and concealing stolen property as charged in the indictment."

Grand larceny is an offense denounced by section 4905 of the Code 1923. The indictment in this case does not charge this appellant with the commission of said offense, and as a consequence the jury were without authority to find him guilty of an offense with which he is not charged. No such issue was involved upon the trial of this case, and in all cases civil and criminal the verdict of the jury should respond to or correspond with the issues. The foregoing verdict of the jury was erroneous. It should not have been received by the court. Allen v. State, 52 Ala. 391. However, the court did receive this verdict and pronounced and entered judgment in accordance therewith. The adjudication of guilt as shown by the record is as follows: "It is therefore considered by the court and it is the order and judgment of the court that the defendant, Barney Weems, is guilty of *Grand Larceny*, and concealing Stolen Property as charged in the indictment."

The verdict of the jury was erroneous also as being in direct conflict with the charge of the court in this case. It was not in compliance with, or responsive to, the instructions of the court, and as stated in the case of Bentley v. State, 20 Ala. App. 635, 104 So. 679, "The judgment based on this verdict will not do, and cannot stand." Where a

verdict of the jury is erroneous and not responsive to the issue, judgment cannot be rendered thereon.

It is elementary that no jury or other tribunal can pronounce guilt upon an accused for an offense with which he is not charged. And in the case at bar, in the absence of such formal accusation, the court and jury were no more vested with legal authority to convict and pronounce judgment on this appellant under this indictment, for grand larceny, than they would have been for murder or some other offense entirely foreign to the accusation comprehended in the indictment upon which this case was tried. Arthur v. State, 19 Ala. App. 311, 97 So. 158, 7th Hd. note; Pate v. State, 19 Ala. App. 642, 99 So. 833, 2d Hd. note; Scott v. Parker, 216 Ala. 321, 325, 113 So. 495.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.