177 So. 309

**MAULDIN v. STATE.**

4 Div. 311.

Court of Appeals of Alabama.
Nov. 23, 1937.

J. E. Acker, of Ozark, and Speight & Tiller, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in two counts. The first count, although not numbered, charged the defendant with larceny of eleven hogs. Count 2 charged the defendant in statutory form with the embezzlement of eleven hogs.

On the trial in the circuit court the judgment entry recites: "This cause being called by the court comes the Solicitor, Hon. Geo. W. Andrews, Jr., who prosecutes for the State of Alabama, also comes the defendant in his own proper person, attended by his counsel. The Solicitor moves the court for a nol pros of Count one in this indictment and upon consideration of said motion it is hereby granted. It is therefore considered and adjudged by the Court that Count one of the said indictment is hereby nol prossed."

This entirely eliminated from consideration the charge of larceny. Walker v. State, 61 Ala. 30.

The trial then proceeded with the only charge against the defendant being the embezzlement of eleven hogs.

In order to convict the defendant of the statutory offense of embezzlement, it is essential and necessary that the State establish, by the evidence, without which there can be no conviction, the following facts: That the defendant was the clerk, agent, servant, or apprentice of the owner of the hogs; that the hogs came into his possession by virtue of his employment; and that he embezzled or fraudulently converted them to his own use, or to the use of another, or fraudulently secreted them with the intent to convert them to his own use. Pullam v. State, 78 Ala. 31, 56 Am.Rep. 21; Wall v. State, 2 Ala.App. 157, 56 So. 57; Reeves v. State, 95 Ala. 31, 11 So. 158; Section 3960, Code 1923.

There nowhere appears in the testimony any evidence tending to show any agency on the part of the defendant, or that he received the hogs described in the indictment, as the agent of the owner. Indeed it is conceded by the Attorney General, in his brief, that there is no such evidence. That being the case, we have the anomalous situation of a defendant being convicted of a crime charged against him without any evidence to sustain it.

It is insisted by the Attorney General that this court should apply rule 45, and hold that a defendant might be charged with one offense and convicted of another. We have applied rule 45 rather liberally in the past, but, as yet, it has never been applied in a case of this kind.

Section 6 of the Constitution provides that, in all criminal prosecutions, the accused has a right to demand the nature and cause of the accusation against him, and he is only required to meet the charge laid against him in the indictment, and is

not called upon to defend himself against a separate and distinct charge not included in the indictment. Gassenheimer v. State, 52 Ala. 313; Windham v. State, 20 Ala. App. 16, 100 So. 457.

To permit this conviction to stand on the record as it appears before us would be to deny this defendant the right of due process of law, guaranteed to him by the Constitution of the United States (Amendment 14) and by the Constitution of this State (section 6).

While it is suspected, de hors the record, that the trial judge and the solicitor did not intend a nol pros of the first count of the indictment, there is nothing in this record to sustain such suspicion.

This court has consistently held to the principles hereinabove announced. Weems v. State, 24 Ala.App. 590, 139 So. 571; Arthur v. State, 19 Ala.App. 311, 97 So. 158; Campbell v. State, 22 Ala.App. 493, 117 So. 396.

For the error above pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.