THE STATE OF OHIO, APPELLEE, *v.* KUCHMAK,
APPELLANT.

(No. 1264—Decided June 2, 1952.)

*Mr. Charles H. Anderson,* prosecuting attorney, for
appellee.

*Mr. Burton Duck* and *Mr. Mark J. Williams,* for ap-
pellant.

GRIFFITH, J. Morris P. Kuchmak was indicted by the
grand jury of Trumbull county for assault with intent
to kill, under the provisions of Section 12421,
General Code, which reads:

"Whoever assaults another with intent to kill, or to
commit robbery or rape upon the person so assaulted,
shall be imprisoned in the penitentiary not less than
one year nor more than fifteen years."

To that indictment, a plea of "not guilty" was entered. Upon the trial, the court charged the jury on assault with intent to kill. Then the court proceeded in its charge, as follows:

"The crime as charged in this indictment includes certain lesser offenses, one of which is the crime defined in Section 12416 O. G. C. and known as the crime of 'maiming or disfiguring another.' The portion of that section which is applicable to this case defines this crime as follows:

" 'Whoever, with malicious intent to maim or disfigure, cuts, bites or slits the nose, ear or lip * * * or assaults another with a dangerous instrument * * * is guilty of a felony.'

"In event you find this defendant not guilty of 'assault with intent to kill' as heretofore defined, you will consider whether or not he is guilty of the crime of 'maiming or disfiguring another' as now defined to you. Upon such consideration, should you find from the evidence in this case by that degree of proof heretofore defined, that this defendant, Morris P. Kuchmak, did assault Andy Suhar with malicious intent to cut, bite or slit his nose, ear or lip, or did assault him with a dangerous instrument, you should find him guilty of the crime of maiming or disfiguring."

The jury returned a verdict of guilty of maiming, as defined by the court in its charge. A motion for a new trial was filed based upon numerous alleged errors in the proceedings, and upon the major alleged error in the court's charge that the crime of assault with intent to kill included the inferior offense of maiming or disfiguring another.

A new trial was denied by the court, and the defendant was sentenced to the Ohio Penitentiary for not less than three or more than thirty years, the punishment provided for the offense of maiming.

The matter is before this court on appeal on questions of law only.

When the indictment charges an offense in which other offenses are included within the offense charged, the jury may find the defendant not guilty of the offense charged but guilty of an inferior or lesser included offense. Section 13448-2, General Code.

The important question before us is whether the crime of maiming is comprehended within the crime of assault with intent to kill. Just what is an "included offense"? All crimes in Ohio are statutory. Every crime charged consists of certain specific elements.

If from the crime charged certain constituent parts may be chopped off or removed, leaving the necessary elements of another complete crime, the latter is an included offense. Or to state it in another way, where the inferior offense is necessarily an elementary part of the greater offense, then the inferior or minor offense is included in the greater.

Certain elements are necessary to the crime of maiming, and if these elements plus certain other elements make the necessary elements of assault with intent to kill, then the crime of maiming is included in the crime of assault with intent to kill.

The rule is that where offenses are included one within another, a person indicted for a higher one may be convicted for one below, provided the allegation in the indictment, in form, charges the lesser offense as well.

A typical example of included offenses may be found in the offense of murder in the first degree, in which second degree murder, manslaughter, assault and battery, and assault are comprehended. All the elements of each are included in the offense of murder in the first degree.

May a conviction be had for a given felonious intent on an indictment which does not charge such intent, but charges another intent of an entirely different character?

Kuchmak was charged with assault with intent to kill and found guilty of assault with a dangerous instrument with malicious intent to maim or disfigure. In other words, the intents charged are of an independent and different nature.

The doctrine of included inferior offenses has never been applied by our courts to crimes which are inherently and essentially so different in their nature, character and atrocity as to belong to an entirely different class of crime. *State* v. *Labus,* 102 Ohio St., 26, 130 N. E., 161.

Nothing in the crime of assault with intent to kill embraces the necessary element of "with malicious intent to maim or disfigure."

"Whoever with malicious intent to maim or disfigure" modifies "or assaults another with a dangerous weapon," thereby making malice a necessary ingredient of the crime of maiming. Not only is malice an element, but it must be "a malicious intent to maim or disfigure," two independent necessary attributes which are not necessary or elementary parts of the offense of assault with intent to kill.

The specific intent to maim or disfigure is distinguishable and materially different from the criminal intent to kill. One means that the person charged must have intended to kill the person assaulted; the other that he intended to maim or disfigure him. Nowhere in the charge do we find that the court defined malice.

The second paragraph of the syllabus in the case of *Kilkelly* v. *State,* 43 Wis., 604, reads as follows:

"A charge of an assault with intent to murder will

not warrant a conviction of an assault with intent to maim or disfigure—the latter intent not being included in the former.''

That case seems to hold squarely that the offense of maiming is not included in the offense of assault with intent to kill, and where one is indicted for assault with intent to kill, he may not be found guilty of maiming.

The penalty for assault with intent to kill is imprisonment in the penitentiary for not less than one year or more than fifteen years, whereas the penalty for assault with a dangerous instrument with malicious intent to maim or disfigure carries a penalty of not less than three or more than thirty years. The crime of assault with intent to kill and the crime of maiming are wholly different or independent crimes.

It may be presumed that the Legislature, in determing the severity of the punishment, considered the atrocity of the crime and provided more severe punishment for the more heinous crime.

In the case of *Brown v. State,* 15 C. D., 130, 2 C. C. (N. S.), 409, this court, in discussing included offenses, said:

''It is, in fact, a crime of less heinous character than that of robbery. It is punishable by a shorter period of imprisonment in the penitentiary.''

This defendant has not been notified of the nature of the charge of maiming under which he now stands convicted. He was convicted of an offense which embraces two elements more than the indictment charged. This violates Section 10, Article I of the Ohio Constitution, which guarantees to a person accused of crime the right to demand the nature and cause of the accusation against him and to have a copy thereof.

We do not believe that the crime of assault with intent to maim or disfigure is an inferior degree of the

crime of assault with intent to kill; nor is it a lesser included offense.

Having reached this conclusion, it is unnecessary for us to pass upon the other assigned errors. The judgment, order and sentence, which succeeded the verdict of the jury finding the defendant guilty of assault with intent to maim or disfigure, on account of the infirmity in the charge, are all invalid. Since the defendant has been tried and found not guilty of the crime charged, it follows that the defendant must be and hereby is discharged.

*Judgment reversed.*

NICHOLS and PHILLIPS, JJ., concur.