96 So.2d 816

### Joseph J. AIOLA
v.
### STATE.
I Div. 714.

Court of Appeals of Alabama.
Aug. 27, 1957.

Jos. M. Powers, Mobile, for appellant.

John Patterson, Atty. Gen., and Robert G. Kilgore, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

The indictment against this appellant charged that he: "With intent to rape, did, in the nighttime, break into and enter an inhabited dwelling house of Bessie Merchant, which was then and there occupied by Bessie Merchant, a person, lodged therein"—etc.

The indictment charges burglary in the first degree.

The evidence presented by the State tended to show that the appellant, during the nighttime broke and entered the home of Bessie Merchant in Mobile, and after thus gaining an entrance he got into bed with Linda Merchant, a twelve year old daughter of Bessie Merchant. The conduct of the appellant, according to Linda, was such that it indicated appellant's intention to have sexual relations with her. Her struggles, and the arrival of members ·of her family in response to her cries for help, prevented the appellant from carrying out his purpose.

The appellant, in his own behalf, testified to the effect that he was a merchant seaman; that on the day in question he came ashore, and began visiting bars and taverns. He became quite drunk. He met a woman in one of the bars who, to his best recollection, was Bessie Merchant. This woman took him to her house, and the next thing he remembers was the officers putting handcuffs on him.

The court orally instructed the jury that they might find the appellant guilty of assault with intent to rape as a lesser included offense of burglary as charged in the indictment. No exception was reserved to this instruction.

The jury returned a verdict finding this appellant guilty of assault with intent to rape, and judgment was entered accordingly. Hence this appeal.

The only material question presented is whether an accused, ·under an indictment charging burglary, may be convicted of assault with intent to rape as a lesser included offense.

It is specifically provided in Section 323, Title 15, Code of Alabama 1940, among other things, that a defendant "may also be found guilty of any offense which is *necessarily* included in that with which he is charged, whether it be a felony, or a misdemeanor." (Italics ours).

In discussing what is an included offense, the Supreme Court of California, in People v. Greer, 30 Cal.2d 589, 184 P.2d 512, has said that the test is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.

The Court of Appeals of Ohio, in State v. Kuchmak, 93 Ohio App. 289, 113 N.E.2d 643, 644, has laid down a more specific test for determining what is an included offense, as follows:

"If from the crime charged certain constituent parts may be chopped off, or removed, leaving the necessary ele-

ments of another complete crime, the latter is an included offense. Or to state it in another way, where the inferior offense is necessarily an elementary part of the greater offense, then the inferior or minor offense is included in the greater."

In this state the elements of burglary in the first degree are: 1. A breaking and entering, 2. in the nighttime, 3. of an inhabited dwelling house, or any other house or building occupied by any person lodged therein, 4. with intent to steal or to commit a felony.

At common law burglary was regarded as an offense against a habitation. Our statute is directed toward protection of the person as well as property. Reeves v. State, 245 Ala. 237, 16 So.2d 699.

The gravamen of the offense of burglary is the breaking into an inhabited dwelling with intent to steal or commit a felony, and it is not required that the intended act be consummated. Holland v. State, 247 Ala. 53, 22 So.2d 519.

On the other hand the offense of assault with intent to rape includes all the elements of rape except consummation of the sexual act. These elements are intent to have intercourse with a woman by force or fear, and against her consent. Smith v. State, 34 Ala.App. 45, 38 So.2d 341.

It is obvious from the above that the offense of assault with intent to rape cannot be considered as included in the offense of burglary. As above stated, the crux of the offense of burglary is the breaking and entering of an inhabited building, with an intent to commit a felony therein. It is not necessary to constitute burglary that the felonious intent be executed. While our burglary statute incidentally extends to the protection of the person lodged in the entered building, the offense of burglary is primarily an offense against property.

On the other hand rape is an offense against the person, as is assault with intent to rape, and is basically a sexual offense.

The essential element of assault, actual or constructive, required in assault with intent to rape, is not an element of burglary. Should an accused break and enter with the intent to rape, the crime of burglary would be complete, even though the felonious intent be completely thwarted after the entry.

The two offenses being entirely different, no rejection of any of the several elements of burglary can operate to bring into being the offense of assault with intent to rape.

The verdict of assault with intent to rape was therefore not responsive to the charge of burglary for which this appellant was indicted.

In Weems v. State, 24 Ala.App. 590, 139 So. 571, 572, the late Judge Bricken wrote:

"It is elementary that no jury or other tribunal can pronounce guilt upon an accused for an offense with which he is not charged. And in the case at bar, in the absence of such formal accusation, the court and jury were no more vested with legal authority to convict and pronounce judgment on this appellant under this indictment, for grand larceny, than they would have been for murder or some other offense entirely foreign to the accusation comprehended in the indictment upon which this case was tried. Arthur v. State, 19 Ala.App. 311, 97 So. 158, 7th Hd. note; Pate v. State, 19 Ala.App. 642, 99 So. 833, 2d Hd. note; Scott v. Parker, 216 Ala. 321, 325, 113 So. 495."

Again in Mauldin v. State, 28 Ala.App. 30, 177 So. 309, 310, the late Judge Samford enunciated this principle in this form:

"Section 6 of the Constitution provides that, in all criminal prosecutions, the accused has a right to demand the nature and cause of the accusation against him, and he is only required to meet the charge laid against him in the indictment, and is not called upon to defend himself against a separate and distinct charge not included in the indictment. Gassenheimer v. State, 52 Ala. 313; Windham v. State, 20 Ala. App. 16, 100 So. 457.

"To permit this conviction to stand on the record as it appears before us would be to deny this defendant the right of due process of law, guaranteed to him by the Constitution of the United States (Amendment 14) and by the Constitution of this State (section 6).

\* \* \* \* \* \*

"This court has consistently held to the principles hereinabove announced. Weems v. State, 24 Ala.App. 590, 139 So. 571; Arthur v. State, 19 Ala.App. 311, 97 So. 158; Campbell v. State, 22 Ala.App. 493, 117 So. 396."

In the brief of the Attorney General it is argued that "in view of the language of the indictment, it cannot be reasonably argued that the appellant was not apprised of a charge against him of the offense of assault with intent to rape," and therefore the appellant was not denied any substantial right in the trial below.

This argument is untenable. If we follow the argument submitted in behalf of the State then "assault with intent to rape" must be inferred from the language in the indictment that the appellant, in the nighttime, broke and entered the house of Bessie Merchant, "with intent to rape."

 We know of no offense of "intent to rape." An assault, actual or constructive, must be added to the intent to spell out an offense of rape, or assault with intent to rape.

Further, in indictments for rape, and assault with intent to rape, the victim must be specified. The only female name appearing in this indictment is Bessie Merchant. Even then it is not alleged that any personal wrong was directed toward her, but on the other hand, it was the contention of the State that Linda Merchant was the alleged victim, and the State's evidence was directed toward this end.

The above, we think is but an additional illustration of the failure of the indictment to apprise the appellant of the charge against him when measured by the verdict, judgment and proof submitted.

It might be further noted that burglary and assault with intent to rape, being offenses of different general natures, and not being of the same family of crimes, and one being a capital felony, and the other non capital, they could not be joined in the same indictment in separate counts. Flournoy v. State, 34 Ala.App. 23, 37 So.2d 218. Clearly then, a verdict of guilty of assault with intent to rape is not responsive to the charge of burglary.

Reversed and remanded.