370 So.2d 723 (1979)
In re Roy Frank CLEMENTS
v.
STATE of Alabama.
Ex parte Roy Frank Clements.
No. 77-643.
Supreme Court of Alabama.
January 26, 1979.
Rehearing Denied March 30, 1979.
*724 Jack Floyd and James E. Hedgspeth, Jr., Rowan S. Bone and J. Edward Cunningham, Gadsden, for petitioner.
William J. Baxley, Atty. Gen. and J. Anthony McLain, Asst. Atty. Gen., for the State, opposed.
Charles A. Graddick, Atty. Gen. and J. Anthony McLain, Asst. Atty. Gen., for the State, on rehearing.
BLOODWORTH, Justice.
This petition for writ of certiorari to the Court of Criminal Appeals was granted because the death penalty was imposed as punishment and the judgment of conviction and sentence to death was affirmed by that Court. Rule 39(c) A.R.A.P. We affirm in part, reverse in part, and remand because the jury found the petitioner guilty of a charge entirely different from that charged *725 in the indictment, and, moreover, a charge for which the death penalty may not be imposed under § 13-11-2, Code of 1975.
We affirm the holdings in the Court of Criminal Appeals Opinion, viz: I, II and VI that the Alabama Death Penalty Statute is constitutional; III that the trial court did not err in giving certain instructions to the jury; and, IV that the trial court did not err in refusing petitioner's motion to exclude, request for affirmative charge and motion for new trial. There is no holding V in the opinion.
We now proceed to examine and express our view as to holding VII respecting the trial court's instructions and jury verdict on the charge of "murder in the first degree under aggravated circumstances."
The Indictment, in pertinent part, reads as follows: "The Grand Jury of said County charges that before the finding of this Indictment Roy Frank Clements, alias Roy F. Clements, alias Roy Clements, whose name to the Grand Jury is otherwise unknown than as stated, feloniously took one (1) lady's purse, of the value of $10.00; one (1) lady's Timex wrist watch, of the value of $6.95; one (1) coin purse, of the value of $2.95, and $.34 lawful United States coins, of the value of $.34, all of the aggregate value of $20.24, the property of Dora Mae Ford, from her person or in her presence, and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same, and during the course of said robbery the said defendant did unlawfully and intentionally and with malice aforethought, kill Dora Mae Ford, the victim of said robbery, by cutting the said Dora Mae Ford with a knife, contrary to law and against the peace and dignity of the State of Alabama."
The indictment clearly charges one of the "Aggravated offenses for which death penalty to be imposed," namely § 13-11-2(a)(2), Code of 1975,
"(2) Robbery or attempts thereof when the victim is intentionally killed by the defendant;"
It is of no matter that the indictment alleges that the killing was done "unlawfully and intentionally and with malice aforethought," elements of the old first degree murder statute, rather than charging that the killing was done "intentionally," an element of § 13-11-2(a)(2). The indictment simply requires the state to assume a greater burden of proof than it was required to bear under the statute. It is thus that we agree with that part of IV of the Court of Criminal Appeals majority opinion, authored by Judge Tyson, treating this particular contention of petitioner as harmless error, if error at all.
There are several long-settled rules of construction to which we are bound in our review of this cause.
A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i. e., defendants. Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing Young's Case, 58 Ala. 358 (1877).
No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra.
It seems to us to be abundantly clear that the express language of the Alabama Death Statute makes it a capital offense to rob or attempt to rob "when the victim is intentionally killed." Thus, it is for the aggravated offense of robbery when the victim is intentionally killed, not murder under aggravated circumstances, that the *726 death penalty may be imposed under § 13-11-2(a)(2).
As Judge Bookout in his dissent so clearly points out (and we adopt this portion of his opinion), viz:
"Prior to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), several felonies carried a possible death penalty in Alabama, among which were: kidnapping for ransom (Title 14, § 7, Code of Ala.1940); robbery (Title 14, § 415); rape (Title 14, § 395); carnal knowledge of a girl under twelve years of age (Title 14, § 398); nighttime burglary of an occupied dwelling (Title 14, § 85); setting off explosives near an inhabited dwelling, vessel, etc. (Title 14, § 123); and, of course, murder in the first degree (Title 14, §§ 314, 318).
"Since Furman and Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), it is apparent that the death penalty may not be imposed except in aggravated cases where a human life is taken. Thus, in felonies where the victim is not killed, such as rape as in Coker, supra, and in kidnapping, robbery, burglary, etc., the death penalty will not be available to the State. The legislature set about to reimpose the death penalty in certain aggravated offenses by enacting Act No. 213, Acts of Ala.1975, approved September 9, 1975, now § 13-11-1 through 13-11-9, Code of Ala.1975.
"Section 13-11-2 enumerates the aggravated offenses for which the death penalty may now be imposed. It should be noted that the traditional non-murder capital felonies only become capital felonies once again by the aggravating circumstance `when the victim is intentionally killed by the defendant.' Such aggravating circumstance is spelled out in each of the felonies set out in § 13-11-2(a), subsections (1), (2), (3), (4), (8), and (9).
"The offenses of aggravated murder are set out in other separate subsections of § 13-11-2(a). The offense of murder may be aggravated in several different ways, such as: the victim being a peace officer on duty; killing for pecuniary gain; where two or more individuals are killed; where the victim is a public official; etc. Thus the death penalty is not provided for in the traditional cases of first degree murder.
* * * * * *
"Thus acting under the court's erroneous instructions, the jury returned a verdict which was not responsive to the issues. Aiola v. State, 39 Ala.App. 215, 96 So.2d 816 (1957). When the jury returned the verdict of `. . . guilty of first degree murder with aggravated circumstances. . .,' it found the appellant guilty of an offense not charged in the indictment."
As we have already noted, the petitioner was indicted under § 13-11-2(a)(2), "Robbery or attempts thereof when the victim is intentionally killed by the defendant . ." The aggravated offense then is robbery, "when the victim is intentionally killed." Although here the petitioner was additionally charged with the unlawful, intentional killing of the victim with malice aforethought, we have already noted this was not reversible error. Having been so charged, the jury had to be instructed on the elements of robbery and the definition of an unlawful, intentional killing with malice aforethought. The jury's verdict of guilty had to comport with, and respond to, the judge's instructions.
The trial judge charged the jury, in pertinent part, as follows:
"THE COURT: Gentlemen of the jury, it is my duty at this time to charge you regarding the law as it applies to this case. Now, in this case the defendant is charged by an indictment with the offense of murder in the first degree under aggravated circumstances. The charge of aggravation is that the defendant intentionally killed one Dora Mae Ford during a robbery of said Dora Mae Ford."
* * * * * *
"Now, the essential constituents of murder in the first degree are that the taking of life must have been wilful, deliberate, *727 malicious and premeditated. These must concur and coexist."
* * * * * *
"In this case you must also find from the evidence, if you find the defendant guilty that the defendant was engaged in a robbery at the time he killed the said victim. In other words, the indictment actually charges two offenses, robbery of Dora Mae Ford and the intentional killing of the said Dora Mae Ford during the process of the robbery.[[1]] What I have previously said about the presumption of innocence and the burden of proof applies to both charges of the indictment.
"The three essential ingredients or elements of robbery are felonious intent, force and putting in fear, as a means of effectuating the intent, and by that means, a taking and carrying away the property of another from his person, or in his presence.
"Now if after consideration of all the evidence in this case you are convinced beyond a reasonable doubt and to a moral certainty that the defendant is guilty of murder in the first degree under circumstances of aggravation, that is, that he intentionally killed Dora Mae Ford while in the process of robbing her, it is your duty to so find. In that event your verdict would be as follows: `We, the jury, find the defendant Roy Frank Clements guilty of first degree murder with aggravated circumstances as charged in the indictment, and we fix the punishment at death.'
"However, on the other hand, if you are not convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt, it would be your duty to so find. In that event the form of your verdict would be: `We, the jury, find the defendant Roy Frank Clements not guilty.'" [Emphasis supplied]
Thereupon, after the Court had read the written charges submitted by the defendant, the following transpired:
"THE COURT: All right, what says the State?
"DISTRICT ATTORNEY RAYBURN: Satisfied.
"(Thereupon the following occurred at the bench outside the hearing of the jury:)
"MR. FLOYD: Your Honor, we want to object and except to the Courts oral charge on the question of conspiracy, the entire charge of conspiracy. First, it should not have been given and, second, it was an incorrect statement of the law.
"MR. HEDGSPETH: Your Honor, we would also like to except to the Court's ruling on the instructions to the jury as to aiding and abetting and principal and accessory because we do not feel like such applies to this. We would also like to except to the Court's mentioning of the charge against this defendant on two instances being murder in the first degree with aggravated circumstances, and also like to object to the Court's reading the statement of the jury form that the charge is murder in the first degree with aggravated circumstances.
"THE COURT: What do you say it is?
"MR. HEDGSPETH: It is my understanding from Mr. Rayburn it has been robbery with aggravated circumstances.
"DEPUTY DISTRICT ATTORNEY MARTIN: What does the indictment say?
"MR. HEDGSPETH: It doesn't list any aggravation. Not one time in that indictment will you ever find the word aggravation.
"THE COURT: Well, it has got both robbery and murder. I guess that's probably the best way to treat the act. Robbery in which the victim was actually killed by the defendant, but I would think it included both offenses.[2]
"MR. HEDGSPETH: We except.
"THE COURT: All right."
* * * * * *
"SEPTEMBER 15, 1977 9:30 A.M.

*728 "THE COURT: Gentlemen, have you reached a verdict?
"THE FOREMAN: Yes, sir.
"THE COURT: Would you send it up, please, by the bailiff?
"THE COURT: (Reading) `We, the jury find the defendant Roy Frank Clements, guilty of first degree murder with aggravated circumstances as charged in the indictment, and we fix punishment at death. Grady B. Goss, Foreman.'" [Emphasis supplied]
* * * * * *
We agree with the dissent, viz:
"The trial court's oral charge to the jury was erroneous and properly objected to. The error was compounded by giving the jury an invalid form verdict which was then used by the jury."
It is elementary criminal law that this Court cannot allow a defendant's conviction and sentence to death to stand when the crime for which he was convicted was neither alleged in the indictment nor charged as a violation of the statute. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Aiola v. State, 39 Ala.App. 215, 96 So.2d 816 (1957); Mauldin v. State, 28 Ala.App. 30, 177 So. 309 (1937); Weems v. State, 24 Ala.App. 590, 139 So. 571 (1932).
In sum then, we find that the indictment properly charges an aggravated offense denominated in § 13-11-2(a)(2) [i. e., robbery "during the course" of which "defendant did * * * intentionally kill" the victim], but that the trial judge erroneously instructed the jury on a different offense than that charged in the indictment [i. e., "murder in the first degree under circumstances of aggravation"] and the jury erroneously rendered a verdict on a different offense [i. e., "first degree murder with aggravated circumstances"], following the judge's instructions.
As Chief Justice Marshall stated:
"The rule that a man shall not be charged with one crime and convicted of another, may sometimes cover real guilt, but its observance is essential to the preservation of innocence. It is only a modification of this rule, that the accusation on which the prosecution is founded, should state the crime which is to be proved, and state such a crime as will justify the judgment to be pronounced."
The Hoppet v. United States, 7 Cranch (11 U.S.) 389, 394, 3 L.Ed. 380, 382 (1813).
Thus, the judgment of affirmance of the Court of Criminal Appeals is due to be reversed and remanded for entry of an opinion consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
TORBERT, C. J., and EMBRY and BEATTY, JJ., concur.
JONES and SHORES, JJ., concur in the result.
MADDOX, FAULKNER and ALMON, JJ., concur in part and dissent in part.
JONES and SHORES, JJ. (Special concurrence withdrawn on Rehearing).
MADDOX, Justice (concurring, in part; dissenting, in part).
I concur in the majority opinion insofar as it affirms the holdings of the Court of Criminal Appeals; I dissent insofar as the majority opinion reverses and remands.
The majority holds that the indictment properly charged a capital offense, but, the majority then holds that the trial judge erroneously instructed the jury on a different offense, and that the jury erroneously rendered a verdict on a different offense. I disagree. In my opinion, the trial judge, faced with the charge enumerated in the indictment, should have charged as he did. The majority emphasizes portions of the court's charge to which exception was taken, but omits other portions of the court's charge, which I think clearly show that the court did not err. That portion is as follows:
"Now if after consideration of all the evidence in this case you are convinced beyond a reasonable doubt and to a moral *729 certainty . . . that he intentionally killed Dora Mae Ford while in the process of robbing her, it is your duty to so find. In that event your verdict would be as follows: `We, the jury, find that defendant Roy Frank Clements guilty of first degree murder with aggravated circumstances as charged in the indictment, and we fix the punishment at death.'" [Emphasis added.]
It is obvious that the court defined to the jury what he meant by "murder in the first degree under circumstances of aggravation," by saying:
". . . that is, that he intentionally killed Dora Mae Ford while in the process of robbing her, it is your duty to so find."
When defense counsel objected to the oral charge and the reference to the form of verdict, the court inquired: "What do you say it is?" Counsel replied: "It is my understanding from Mr. Rayburn that it has been robbery with aggravated circumstances." Counsel, given an opportunity to suggest an appropriate instruction, did not do so. In fact, had the court charged the jury as suggested by counsel for defendant, and told the jury to return a verdict finding him guilty of "robbery with aggravated circumstances" or "not guilty," it would have constituted plain error because the intentional killing is the gravamen of the capital felony, not robbery.
Since the court defines the essence of the capital offense to the jury, using the victim's name, and since the court's charge on the form of the verdict, and also the jury verdict, both refer to first degree murder with aggravated circumstances "as charged in the indictment," it is specifically referable to the indictment, which charges only a capital felony, and the verdict of the jury could be "guilty" or "not guilty." There are no lesser included offenses. A verdict is the definitive answer of the jury and is sufficient in form if it decides the question in issue in such wise to enable the court to enter judgment. 23 A.C.J.S. § 1393, p. 1054. The jury verdict, stating as it does, that it found the defendant "guilty . . as charged in the indictment" is sufficient. 6A Ala.Dig., Criminal Law.
If one will read the entire Death Penalty Statute in pari materia, one will find that in § 13-11-6, which lists aggravating circumstances, the reference is to "capital felony."
A reading of sections 13-11-1 and 13-11-2 and the remainder of the Death Penalty Act shows that the legislature intended to make, and did make, intentional killings (murder of specified persons and under specified situations, and intentional killings while the defendant was engaged in or was an accomplice in the commission of several specified offenses), the "capital felony." The legislature intended to punish capitally defendants who intentionally killed under certain specified circumstances.
The defendant was charged with robbery and during the course of the robbery with intentionally killing his victim. The court so charged the jury and the verdict, even though not a model to follow, referred to the charge in the indictment. As we have said, the grand jury, by charging, in the indictment, that the "intentional killing" was first degree murder, necessarily put a heavier burden of proof on the state, but I believe that there is nothing wrong with that.
I have no problem determining exactly what the defendant was charged with [a capital felony] and what he was found guilty of [a capital felony]. I would affirm.
FAULKNER and ALMON, JJ., concur.

On Rehearing
On application for rehearing, Justices Jones and Shores withdraw their special concurrence and concur in the result of the opinion.
APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and BLOODWORTH, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, FAULKNER and ALMON, JJ., dissent.
NOTES
[1] Petitioner contends that the indictment is duplicitous, charging two offenses. As we have already indicated we do not agree. If this were so, the indictment itself would be inefficacious.
[2] See Note 1, supra.