As in the case of Clements v. State, 370 So.2d 723 (Ala. 1979), we concur in the result of the majority opinion to reverse the *Page 1275 
conviction and remand the case to the Court of Criminal Appeals.
As in Clements, the indictment — charging robbery when the victim is intentionally killed by the defendant — is good. The trial Judge's oral instructions to the jury, except for the repeated use of the word, "murder," is virtually a model jury instruction, evincing a comprehensive grasp of the Alabama Death Penalty Statute and its application. Unquestionably, "murder" was used to mean merely the killing of one human being by another. Indeed, we first felt that its use was not error because the context in which the trial Judge referred to the death or the killing as "murder" rendered its use harmless. But this analysis fails in the face of the trial Judge's description of the charge in the indictment — "Now, this Defendant . . . is charged with murder under the Alabama Death Penalty Act . . ." — and the jury verdict form — "We, the jury, find the Defendant guilty of murder as charged in the indictment . . ." See our concurring opinion in Clements v. State, supra.
As to the sentencing aspects of the statute in question, we still adhere to the views expressed in our separate dissenting opinions in Jacobs v. State, 361 So.2d 641 (Ala. 1978).