This petition for writ of certiorari was granted because petitioner was convicted under Code 1975, § 13-11-2 (a)(2), and given the death penalty. The Court of Criminal Appeals affirmed the conviction and sentence. We reverse and remand for a new trial on the authority of Clements v. State, Ala.,370 So.2d 723 (Ala. 1979).
The pertinent facts are set out in the opinion of the Court of Criminal Appeals, 371 So.2d 429 (Ala.Cr.App. 1977). In sum, petitioner was indicted under Code 1975, § 13-11-2 (a)(2), for his participation in the robbery and killing of Mr. Walter Knight, a crime for which his brother also was convicted and sentenced to die. Jacobs v. State, 361 So.2d 607 (Ala.Cr.App. 1977), aff'd, 361 So.2d 640 (Ala. 1978), cert. denied, ___ U.S. ___, 99 S.Ct. 1034, 59 L.Ed.2d 83 (1979).
The indictment is in three counts. Count I states:
 "John L. Jacobs [robbed Walter Robert Knight], and while the said [defendant] was engaged in robbing the said Walter Robert Knight, the said [defendant] intentionally killed Walter Robert Knight, by shooting him with a gun . . .."
Count II states in pertinent part:
 "John L. Jacobs [robbed Walter Robert Knight], and while the said [defendant] was engaged in robbing the said Walter Robert Knight, the said [defendant] unlawfully, and with malice aforethought, intentionally killed Walter Robert Knight, by shooting him with a gun . . .."
Count III states:
 "John L. Jacobs * * * unlawfully and with malice aforethought, intentionally killed Walter Robert Knight, by *Page 449 
shooting him with a gun, * * * while [robbing him]."
The verdict returned by the jury was as follows:
 "We the jury find the defendant John L. Jacobs guilty of first degree murder with aggravated circumstances as charged in the indictment, and we fix the punishment at death."
The indictment contains language similar to the indictments in three other recent death penalty cases which have been before this Court. Count I alleges robbery when the victim is intentionally killed, essentially the same indictment as inWatters v. State, 369 So.2d 1272 (Ala. 1979). Count II alleges robbery when the victim is murdered, similar to the indictment in Clements v. State, supra. Count III is for murder during a robbery, as in Evans v. State, 361 So.2d 666 (Ala. 1978), cert. denied, ___ U.S. ___, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979).
Each count of the indictment is a good count, sufficient to allege the crime of robbery under aggravated circumstances, i. e., robbery when the victim is intentionally killed or murdered. This is the only crime named in § 13-11-2 (a)(2) and the only crime punishable by death under that subsection.Clements v. State, supra.
The jury verdict is not responsive to any count in the indictment. Save for the difference in the name of the defendant, the verdict form in this case is identical to the verdict form condemned in Clements. An indictment for robbery under aggravated circumstances under § 13-11-2 (a)(2) cannot support a conviction for murder under aggravated circumstances, the capital offense covered by §§ 13-11-2 (a)(5), (6), (7), (10), (11), (12), (13), and (14). None of the three counts of the present indictment alleges any of the offenses of murder under aggravated circumstances covered by the foregoing subsections. They each allege the offense of robbery under aggravated circumstances.
There is also reversible error in the trial court's oral instructions to the jury. Portions of the oral instructions are identical to those given in the Clements case. In the instant case the trial judge stated:
 "THE COURT: Ladies and gentlemen of the jury, the defendant in this case is charged by an Indictment with the offense of murder in the first degree under aggravated circumstances. The charge of aggravation is that the defendant intentionally killed one Walter Robert Knight during a robbery of or an attempt to rob the said Walter Robert Knight." [Emphasis supplied.]
The trial court continued:
 ". . . In other words, the indictment actually charges two offenses — robbery of Walter Robert Knight, and the intentional killing of the said Walter Robert Knight during the process of the robbery." [Emphasis supplied.]
Later, the trial judge stated:
 "If after consideration of all the evidence in this case you are convinced beyond a reasonable doubt and to a moral certainty that the defendant is guilty of murder in the first degree under circumstances of aggravation, that is, that he or someone who was a co-conspirator with him in carrying out a common design intentionally killed Walter Robert Knight while in the process of robbing him, it is your duty to so find. . . ." [Emphasis supplied.]
As previously noted, Count I of the indictment charges the defendant, while engaged in robbing the victim, intentionally killed the victim. However, Counts II and III charge first degree murder rather than an intentional killing. "Murder in the first degree" and "intentional killing" denote different degrees of homicide. These terms are not interchangeable. The burden of the State under Counts II and III was to prove murder in the first degree. This was not made clear in the above-quoted oral instructions where first degree murder and intentional killing are equated.
The State argues that we cannot consider the trial court's oral instructions because they were not objected to by the petitioner. This may have been so under the old plain error rule applicable to automatic appeals, Code 1975, § 12-22-241. That rule provided *Page 450 
that an appellate court could, at its discretion, consider anytestimony seriously prejudicial to the appellant, even though no objection was made at trial. This did not include the trial court's oral instructions since they were not testimony. E.g.,Easley v. State, 246 Ala. 359, 20 So.2d 519 (1944).
Our new plain error rule, Rule 39 (k), ARAP, provides, viz:
 "In all cases in which the death penalty has been imposed, upon review of the opinion of the Court of Criminal Appeals on certiorari, the Supreme Court may notice any plain error or defect in the proceeding under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial rights of the petitioner. [Amended 10-2-78, eff. 12-1-78.]"
Thus, in death penalty cases, the supreme court may notice plain error in the proceeding under review, whether or not brought to the trial court's attention. The new rule is broader than the old rule and includes oral instructions to the jury.
Because portions of the trial court's oral instructions are erroneous and confusing, and because the verdict does not correspond to the crime alleged in the indictment, the conviction must be overturned. Clements v. State, supra;Watters v. State, supra. Due to the disposition of this cause on the foregoing grounds, we do not need to address petitioner's other contentions.
The judgment of affirmance by the Court of Criminal Appeals is due to be reversed and remanded for entry of an opinion consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES, EMBRY and BEATTY, JJ., concur.
MADDOX, FAULKNER and ALMON, JJ., dissent.