I would grant the writ. The Court of Criminal Appeals, in its opinion, says:
 "This is one of the most horrible crimes to reach this court in a long time. We do not know what demonic thoughts passed through the sadistic mind of appellant which compelled him to commit this atrocious rape and murder and the perversities inflicted on his helpless victim."
Then why is the perpetrator of this crime entitled to a new trial? Because, says a majority of the Court of Criminal Appeals, and a majority of this Court, the district attorney made a prejudicial argument to the jury and the jury verdict did not find Whisenhant guilty of a capital offense. I have read the opinion of the Court of Criminal Appeals and the State's petition and brief, and I think that the Court of Criminal Appeals may have misapplied the law contained in prior decisions of this Court in reaching the conclusion that the prosecutor's argument was prejudicial. Judge Bookout, of the Court of Criminal Appeals, was of the opinion that the prosecutor's comments were "legitimate argument on the issue of the appellant's sanity and a legitimate reply in kind to arguments made by defense counsel." I think the State has shown probable merit on its request to review the issue of the prejudicial effect of the prosecutor's argument; therefore, I would grant the writ on this ground.
I would also grant the writ on the additional ground that it should be clear to anyone, even those not learned in the law, that the jury, by finding the defendant "guilty of capital murder as charged in the indictment and fix his punishment at death by electrocution," decided the question in issue in such a way that the trial court was able to enter a judgment. That is all that the law requires, at least that is all that the law required until this Court released Clements [v. State Ala.,370 So.2d 723, 1979] one of the cases followed by the Court of Criminal Appeals here. I dissented in Clements and I will respectfully continue to dissent when Clements is cited as authority because I think Clements was incorrectly decided.
There is no question but that Whisenhant was charged with acapital felony, that he was tried on that charge, and that the jury returned a verdict which was responsive to that charge. The law says that if the intention of the jury can be ascertained with reasonable certainty, the verdict should be sustained. The law also says that, in ascertaining that intention, the court should give the verdict a liberal andreasonable construction and should construe it with reference to the pleadings, evidence, instructions, and the entire record. The rule announced in Clements, and required to be followed by the Court of Criminal Appeals here, is exactlyopposite to the general rules that have traditionally been used for construing jury verdicts in criminal cases. I would grant the writ and reverse Clements.
FAULKNER, J., concurs.