BOWEN, Presiding Judge.
Bobby J. Dunn was charged by complaint and convicted for the offenses of harassment and “concealing identity.” Dunn was fined $150 in each case.
I
The complaint for concealing identity charged a violation of municipal ordinance chapter 29, section 15(a)(6) of the Code of the City of Montgomery which is entitled “Disorderly Conduct.” That section provides:
“(a) Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor:”
[[Image here]]
“(6) Who loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer to do so, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification.” Montgomery, Ala., Code § 29-15(a)(6) (1980).
After the City had rested its case, defense counsel “moved that the charges be dismissed because the City has failed to prove the elements” of harassment and concealing identity.
The city prosecutor, in response to the trial judge’s inquiry, admitted that there was no evidence the defendant “loitered or wandered about the streets.” The City then requested to be permitted to amend the information “to be consistent with the facts.”
Over the objection of defense counsel, the trial judge allowed the City to amend the information, which was apparently only accomplished orally, to charge a violation of § 29-44 of the Municipal Code. That section is entitled “[Officers]-Obedience to orders and directions” and provides: “It shall be unlawful for anyone to fail to obey the direction or order of a member of the police department of the city while such member is acting in an official capacity in carrying out his duties.” The trial judge then denied the motion to dismiss.
In his oral instructions to the jury, the trial judge informed them that the defendant was charged “with the offense of concealing identity” and recited section 29-44. The jury found the defendant “guilty of concealing identity.”
The amendment of the complaint was improper. Rule 15.5(a), Alabama Rules of Criminal Procedure (Temporary), provides: “A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint.” This means that (1) a charge may only be amended with the defendant’s consent and (2) a charge may not be amended where the amendment changes the offense or charges a new offense not included in the original charge. Ex parte Wallace, 497 So.2d 96 (Ala.1986); Mason v. City of Vestavia Hills, 518 So.2d 221 (Ala.Cr.App.1987).
*137 Here, it is clear from the municipal code sections we have set out that the trial judge allowed the prosecutor to amend the information to charge a different offense. The offense of disorderly conduct is not the same offense as failing to obey a police officer. While “concealing identity” may, given additional facts, constitute either offense, there is no section in Chapter 29 of the Code of Montgomery making the mere act of “concealing identity,” without more, an offense.
The defendant’s conviction for “concealing identity” is reversed because the amendment of the information was improper. Hence, we need not consider whether the verdict was responsive to the information. See Clements v. State, 370 So.2d 723, 728 (Ala.1979), overruled on other grounds, Beck v. State, 396 So.2d 645, 662 n. 8 (Ala.1980); Aiola v. State, 39 Ala.App. 215, 218-19, 96 So.2d 816 (1957); Weems v. State, 24 Ala.App. 590, 590-91, 139 So. 571 (1932).
II
The defendant’s motion for new trial was properly denied. “Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged.” Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App.1978). “Error may not be predicated upon the overruling of a motion for new trial where there was no evidence offered in support of the motion.” Tucker v. State, 454 So.2d 541, 547-48 (Ala.Cr.App.1983), reversed on other grounds, Ex parte Tucker, 454 So.2d 552 (Ala.1984).
The judgment of the circuit court is reversed as to the defendant’s conviction for “concealing identity” and affirmed as to his conviction for harassment.
REVERSED IN PART; AFFIRMED IN PART.
All Judges concur.