THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEON JONES, Defendant-Appellant.

First District (5th Division)   Nos. 61464, 61466 cons.

Opinion filed September 24, 1976.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Leon Jones, defendant, was charged with the offense of burglary in violation of section 19—1 of the Criminal Code of 1961. (Ill. Rev. Stat. 1973, ch. 38, par. 19—1.) After a bench trial, he was found guilty and sentenced to a term of one to three years. On appeal, defendant contends that he did not knowingly and understandingly waive his right to a jury trial; and that he was not proved guilty beyond a reasonable doubt.

■■ However, in accordance with *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493, the case will be reviewed on its merits. The pertinent facts will be set forth in the discussion of the respective issues.

On September 11, 1974, prior to trial, the following colloquy ensued:

"THE COURT: Have Mr. Jones step up here please.

All right, Mr. Jones, in Illinois you are entitled to a trial by jury and see if that jury would render a verdict of guilty or innocent. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And you wish to waive that right and be tried by me?"

Defense counsel then interposed an inquiry as to whether certain witnesses should be permitted to testify at the trial. After this discussion, the court renewed the colloquy with defendant relative to his waiver of the jury trial.

"All right. Once again, sir, I am going to say to you, you have a right to be tried by a jury. * * * It's come to my attention you wish to waive your right to a trial by jury. In the State of Illinois you are entitled to a trial by jury.

Now, do you wish to waive your right to trial, Mr. Jones, by jury?

THE DEFENDANT: Yes.

THE COURT: Would you so kindly indicate by signing what we call a jury waiver.

(Whereupon the Defendant did as instructed.)"

Defendant contends that the trial court erred in refusing to allow the withdrawal of his jury waiver. The basis of this contention is predicated upon events which transpired on the second day of trial. The previous day both the State and defendant had presented evidence but there remained the introduction of rebuttal testimony. At this juncture in the proceedings defense counsel stated that he had been informed by defendant's mother that defendant had told her he was "under the impression that he was to get a jury trial and he wanted to know when the jury was to come forth in trial."

A lengthy discussion among the court, defendant and his counsel then ensued. Counsel informed the court that he had explained to defendant the function of the jury and defendant had indicated that he would prefer a bench trial. Counsel represented that defendant's mother, who participated in the discussion, was of the same impression. It was only that morning that defendant had indicated that he anticipated a jury trial.

Defendant corroborated that he did discuss the matter with counsel. However, he said that he informed counsel that he wanted a jury trial. He further explained that he did not understand the import of his signed jury waiver because he did not know the meaning of the term "waive." Defendant admitted that he knew the jury consisted of 12 individuals but he thought a jury would be eventually empaneled.

The trial court responded that it did not believe defendant's contention under the circumstances presented. And the court intimated its belief that defendant's attempt could be a "ploy."

■■■ In the present case defendant personally waived a jury trial in the presence of counsel and no objection to the waiver was made at that time. A jury waiver will not be held invalid where a defendant unambiguously elects a bench trial in the presence of counsel. (*People v. Akis*, 63 Ill. 2d 296, 300, 347 N.E.2d 733.) The determination of whether such waiver is properly made is dependent upon the facts of each case. (*People v. Anderson*, 10 Ill. App. 3d 558, 294 N.E.2d 763.) Examination of the admonishment given by the trial court pertaining to the jury waiver indicated that defendant was informed of the jury's function and defendant's subsequent explanation indicated that he was aware of the jury's composition. The court further indicated that defendant would be tried by the court should he "waive" a jury; and this explanation was contained in the jury waiver form he signed. Moreover, defendant's claim that he thought he would receive a jury trial did not materialize until a substantial portion of the trial had occurred and this supports the trial court's position that defendant's assertion was without merit. We conclude that the record is unsupportive of defendant's contention that he did not knowingly enter the jury waiver.

■■ While defendant is entitled to a jury trial, once he has properly

elected to waive that right, as here, the withdrawal of such waiver is ordinarily within the discretion of the trial court, unless the circumstances indicate that the defendant did not realize the consequences of his jury waiver. (*People v. Catalano*, 29 Ill. 2d 197, 193 N.E.2d 797, *cert. denied*, 377 U.S. 904, 12 L. Ed. 2d 176, 84 S. Ct. 1164.) It has also been held that a motion for withdrawal of a waiver made after the commencement of the trial is not timely and should not be allowed. (*People v. Doss*, 18 Ill. App. 3d 268, 309 N.E.2d 618 (abstract opinion).) Under the circumstances, the trial court's refusal to allow defendant to withdraw his jury waiver did not constitute an abuse of discretion.

Defendant also argues that he was not proved guilty beyond a reasonable doubt. He contends that the identification of him was vague and doubtful. He also contends that his conviction was based on circumstantial evidence. Defendant's argument is based on facts contrary to the record. Sandra Davis testified that at approximately 10:30 p.m. on the night of January 18, 1974, she was on the sun porch of her home when she heard the basement door slam and saw a man in the yard wearing a checkered maxi-coat. She turned on the floodlights and saw the defendant looking at her. She knew him because he used to "go" with her sister. He had been at their home that afternoon and was wearing the same coat. Defendant was carrying a tape deck and a black case, which contained tapes. She recognized the black case as one in the basement recreation room of the house and knew that it belonged to her father. Defendant went out the back gate and then through the alley.

Charlie Roy Davis testified that he had a television, a record player and a case of recording tapes in the basement recreation room of his house. After his daughter told him someone was stealing items out of the basement, he went to the basement and found the outside door was open and the lock had been pried. He said that a television, a tape deck, two speakers and a box of recording tapes were missing; and that he found one of the tapes outside his house. He said that his daughter told him she knew who did it and he and his son went out to look for defendant. They saw defendant nearby and he was wearing a long maxi-type coat. Defendant's mother testified that defendant was wearing a checkered overcoat and a white suit on the night of the burglary.

Defendant introduced evidence of an alibi. His mother testified that on January 18, 1974, he was home between 10 and 10:30 p.m. She admitted that when the police came to the house at about 11:15 p.m. that night, she told them defendant did not live there anymore. Defendant's father testified that the police came to the house in the early morning hours of January 19, 1974, seeking defendant but he told them defendant was not there although defendant was present.

■■ We do not believe that the evidence against defendant was

circumstantial as he urges. But, even if it could be said that this evidence was circumstantial, it would not detract from the validity of the conviction. *People v. Marino*, 44 Ill. 2d 562, 580, 256 N.E.2d 770; *People v. Turner*, 35 Ill. App. 3d 550, 564, 342 N.E.2d 158.

■■ The record clearly indicates that the evidence is in conflict. In a bench trial, the credibility of the witnesses, the weight to be accorded their testimony, and the inferences which may be drawn therefrom are within the determination of the trial court. (*People v. Catlett*, 48 Ill. 2d 56, 268 N.E.2d 378; *People v. Akis*, 63 Ill. 2d 296, 347 N.E.2d 733.) On appeal, such determination will not be lightly set aside. (*People v. McGhee*, 20 Ill. App. 3d 915, 314 N.E.2d 313.) Moreover, a conviction may rest upon the testimony of a single credible witness even though the testimony is contradicted by the accused. (*People v. Jones*, 60 Ill. 2d 300, 307-08, 325 N.E.2d 601; *People v. Clark*, 52 Ill. 2d 374, 386-87, 288 N.E.2d 363.) It has been also held that there is no obligation for the court to believe the alibi witnesses over the positive identification of defendant. (*People v. Jackson*, 54 Ill. 2d 143, 149, 295 N.E.2d 462; *People v. Dunn*, 31 Ill. App. 3d 854, 859, 334 N.E.2d 866.) In the present case, the identification testimony of Sandra Davis was credible and proved beyond a reasonable doubt that defendant committed the offense charged. *People v. Coleman*, 49 Ill. 2d 565, 572-73, 276 N.E.2d 721; *People v. Akis*, 63 Ill. 2d 296, 347 N.E.2d 733.

The judgment and sentence of the circuit court is affirmed.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.