Certiorari was automatically granted in this "robbery-intentional killing" conviction under the Alabama Death Penalty Act, § 13-11-5, Ala. Code of 1975; Rule 39 (c), ARAP.
The pertinent facts are found in the opinion of the Court of Criminal Appeals, Watters v. State, 369 So.2d 1262 (Ala.Cr.App., 1978). We reverse and remand.
The Court of Criminal Appeals has jurisdiction to review a decision in which the death penalty is imposed, §§ 12-3-9,12-22-131, Ala. Code of 1975, and that Court has the duty to examine the entire record to determine whether any error exists prejudicial to the defendant. Lee v. State, 265 Ala. 623,93 So.2d 757 (1957). The terms of § 12-22-241, Ala. Code of 1975, authorizing the appellate court to consider any testimony seriously prejudicial even in the absence of objection, do not limit that duty to the transcript of the evidence. Cf. Lee v.State, supra.
On certiorari to the Court of Criminal Appeals, this Court will not review the findings of fact of the Court of Criminal Appeals but will review questions of law, which may include misapplication of law to the facts as found by that Court.Flannagin v. State, 289 Ala. 177, 266 So.2d 643 (1972).
In fulfilling our duty to review the opinion of the Court of Criminal Appeals for errors of law we have found that in its September Session of 1976 the Grand Jury of Jefferson County returned an indictment charging that the defendant Timothy Watters:
 [D]id attempt to feloniously take Twenty Five Dollars and Seventy Five Cents of the lawful currency of the United States *Page 1274 
of America, . . . the personal property of Anthony Joseph Campisi, from his person and against his will, by violence . . . and the said defendant in the course of said attempt to commit such robbery, did intentially [sic] kill Anthony Joseph Campisi by shooting him with a shotgun, . . .
However, from the entry of judgment on April 13, 1977 it clearly appears that the defendant was found guilty of an offense not charged in the indictment:
 This the 13th day of April, 1977, said jurors upon their oaths do say, `We, the jury, find the defendant guilty of Murder as charged in the indictment and fix his punishment at death'. It is therefore considered by the Court, and it is the judgment of the Court that said defendant is guilty of Capital Murder as charged in the indictment, in accordance with the verdict of the jury in this cause, . . . (emphasis added)
Nowhere in the indictment is Murder charged against the defendant; nowhere in the judgment is petitioner pronounced guilty of attempted robbery in which the victim is intentionally killed. Therefore, there is a fatal variance between the indictment and the judgment, and the judgment cannot stand. Aiolav. State, 39 Ala. App. 215, 96 So.2d 816 (1957). Further, even ifMurder were charged against the defendant such an offense is not one for which the death penalty can be imposed because it is not listed in our Death Penalty Act, § 13-11-2, Ala. Code of 1975.
In § 15-17-1, Ala. Code of 1975 the legislature of this state provided for the jury's finding of guilt for a lesser offense than that charged in the indictment:
 When an indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged and guilty of any degree inferior thereto or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor.
However, it is clear from the terms of the Death Penalty Act that there are no lesser included offenses — such as murder — withinthe offense for which this defendant was indicted. Section 13-11-1, Ala. Code of 1975 provides:
 Except in cases enumerated and described in section 13-11-2, neither a court nor a jury shall fix the punishment for the commission of treason, felony or other offenses at death, and the death penalty or a life sentence without parole shall be fixed as punishment only in the cases and in the manner herein enumerated and described in section 13-11-2. In all cases where no aggravated circumstances enumerated in section 13-11-2 are expressly averred in the indictment, the trial shall proceed as now provided by law, except that the death penalty or life imprisonment without parole shall not be given, and the indictment shall include all lesser offenses.
Because there were no offenses for which the defendant could be found guilty under the indictment other than attempted robbery in which the victim was intentionally killed, the trial court erred in entering judgment on the strength of a jury verdict finding the defendant guilty of murder and the Court of Criminal Appeals erred in affirming that judgment. Therefore this cause must be reversed and the cause remanded to the Court of Criminal Appeals for further proceedings not inconsistent with this opinion, and it is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH and EMBRY, JJ., concur.
JONES and SHORES, JJ., concur specially.
ALMON, J., concurs specially.
MADDOX and FAULKNER, JJ., dissent.