*1261 AFTER REMANDMENT
BOWEN,. Judge.
The appellant was convicted of “robbery when the victim is intentionally killed” and sentenced to death. This Court affirmed his conviction on December 20, 1977.
The Alabama Supreme Court remanded this case to this Court with directions to order a rehearing in the circuit court. However further review convinces us that the case must be reversed and remanded under the principles recently asserted by the Alabama Supreme Court in Watters v. State, 369 So.2d 1272 (1979). The cause for the reversal of the appellant’s conviction is identical to the cause of reversal in Wat-ters.
An indictment charged that the appellant, Recardo Cook:
“feloniously took Three Thousand Dollars of the lawful currency of the United States of America, the personal property of Lewis Webb, from his person and against his will, by violence and said defendant in the course of the aforesaid robbery, did intentially kill the said Lewis Webb by shooting him with a pistol.”[1]
However, from the entry of judgment on March 4, 1977, it clearly appears that the appellant was found guilty of an offense not charged in the indictment.
“(T)he defendant Recardo Cook, being in open Court and having been convicted by a jury of Murder in The First Degree and his punishment fixed by say (sic) jury at death, . . . . It is therefore considered by the Court and it is the judgment of the Court that the defendant Recardo Cook, is guilty of Murder in The First Degree in accordance with the verdict of the jury[2] in this cause, . . . ”
We quote from Watters :
“Nowhere in the indictment is Murder charged against the defendant; nowhere in the judgment is petitioner pronounced guilty of attempted robbery in which the victim is intentionally killed. Therefore, there is a fatal variance between the indictment and the judgment, and the judgment cannot stand. Aiola v. State, 39 Ala.App. 215, 96 So.2d 816 (1957). Further, even if Murder were charged against the defendant such an offense is not one for which the death penalty can be imposed because it is not listed in our Death Penalty Act, § 13-11-2, Ala.Code of 1975.
“In § 15-17-1, Ala.Code of 1975 the legislature of this state provided for the jury’s finding of guilt for a lesser offense than that charged in the indictment:
‘When an indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged and guilty of any degree inferior thereto or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is *1262 necessarily included in that with which he is charged, whether it be a felony or a misdemeanor.’
“However, it is clear from the terms of the Death Penalty Act that there are no lesser included offenses — such as murder — within the offense for which this defendant was indicted. Section 13-11— 1, Ala.Code of 1975 provides:
‘Except in cases enumerated and described in section 13-11-2, neither a court nor a jury shall fix the punishment for the commission of treason, felony or other offenses at death, and the death penalty or a life sentence without parole shall be fixed as punishment only in the cases and in the manner herein enumerated and described in section 13-11-2. In all eases where no aggravated circumstances enumerated in section 13-11-2 are expressly averred in the indictment, the trial shall proceed as now provided by law, except that the death penalty or life imprisonment without parole shall not be given, and the indictment shall include all lesser offenses.’
“Because there ■ were no offenses for which the defendant could be found guilty under the indictment other than attempted robbery in which the victim was intentionally killed, the trial court erred in entering judgment on the strength of a jury verdict finding the defendant guilty of murder and the Court of Criminal Appeals erred in affirming that judgment. Therefore this cause must be reversed and the cause remanded to the Court of Criminal Appeals for further proceedings not inconsistent with this opinion, and it is so ordered.”
For these reasons we have no course but to reverse and remand this cause.
REVERSED AND REMANDED.
All Judges concur.

. This indictment is fundamentally identical in charging the capital offense (including the misspelling of the word “intentionally”) as the indictment in the Watters case.

. The jury’s verdict read:
“We, the jury find the defendant guilty of Murder as charged in the indictment and fix the punishment at Death.”