THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFREY MARK PEACE, Defendant-Appellant.

Second District   No. 79-544

Opinion filed September 29, 1980.

Peter B. Nolte, of Rockford, for appellant.

William E. Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In a bench trial defendant, Jeffrey Mark Peace, was found guilty of attempt rape, burglary and battery; he was found not guilty of indecent liberties with a child, intimidation and unlawful restraint. He was sen-

tenced to six years' imprisonment for the attempt rape, three years for the burglary, and 90 days for the battery.

On the night of May 12-13, 1979, the complainant, a 12-year-old girl, was babysitting at a home near Winslow, Illinois. About 12:30 or 1 o'clock on the morning of the 13th there was a knock on the door; a man asked for gasoline. Complainant did not allow him to enter the house and refused to help him. A few minutes later there was another knock on the door and the man asked for a container for the gasoline. Complainant did not give the man permission to enter the house but when she went to get a container the man, who she identified at trial as defendant, walked in the door. Defendant took the container and went outside. He then returned the container and asked to use the telephone, which he was allowed to do. After completing the call he went back outside and complainant heard an engine start and saw that a car that had previously been by the gas barrel was now gone. There was another knock on the door in two or three minutes and defendant again asked to use the telephone. Complainant consented and allowed him to enter the house, at which time he attacked complainant. The attack was interrupted by the arrival of the homeowners.

Defendant contends first that he was deprived of a fair trial when the State attempted on the morning of trial to have the defense comply with a previous discovery order. Specifically, the State sought disclosure, pursuant to the previous order, of the results of a lie detector test taken by defendant and the trial court ordered compliance. Defendant suggests that the only purpose in requesting compliance with the order was to prejudice the trial judge against him and to suggest that defendant did not volunteer the results because they were unfavorable to him.

■■ The record reveals that the matter of the lie detector test was first raised on July 13, 1979, at a hearing on pending motions, at which time defendant's attorney asked for the prosecutor to arrange for defendant to take a lie detector test; at that time the State indicated that it had no interest in such a test and did not want to be informed of the results of the test. On the day of trial the State did request that defendant reveal the results of the test; the defense attorney responded that the State had indicated previously that it did not wish to know the results of the test; and the trial court ruled that the discovery order did allow for the revealing of the results of the test and for statements of experts in relation thereto, although the actual questions and answers used in the test were not to be revealed. Defendant's attorney responded that there was "no problem" turning over the results of the test and the opinion of the tester, and a brief recess was taken to allow the defense to provide the State with copies of the results and opinion. After the recess, defendant's attorney stated that he believed it was improper to be required to disclose the test results, and that it was only being done to comply with the court's ruling. There is no indication in the

record that the trial court ever saw the test results or the opinion of the person administering the test and in announcing his decision at the end of the trial, the trial judge extensively discussed the factors on which he relied in determining defendant's guilt; there is no indication from the judge's comments that any reliance was placed on the fact that defendant had taken a lie detector test. In light of the fact that defendant initially requested the lie detector test in open court and before the same judge who tried the case; that when ordered to comply with the discovery order by revealing the test results the defense did not object, but rather stated that there was "no problem" in turning over the results, objecting only later to revealing the results; that the record does not show that the trial court ever saw the results; and that the announced decision by the trial judge did not include any consideration of the test or its results; and considering finally that it is presumed that the trial court considers only proper evidence in reaching its conclusion (*People v. Gilbert* (1977), 68 Ill. 2d 252, 369 N.E.2d 849), we conclude that defendant was not prejudiced by the trial court's ruling requiring him to comply with the discovery order.

■■■ Defendant next urges that the burglary conviction must be reversed because there was no showing that his entry was without authority. Complainant did give authority for defendant to enter the house, but only for the purpose of using the phone. The State analogizes this to cases involving buildings which are open to the public (see *People v. Woolsey* (1975), 24 Ill. App. 3d 1079, 322 N.E.2d 614) in which the authority to enter is limited to purposes consistent with the reason the building is open. The citation of *People v. Jones* (1976), 42 Ill. App. 3d 353, 356 N.E.2d 114, is inapposite, since in that case the first entry was authorized and the second was not, whereas in the present case the latter entry was authorized. We are not willing to extend the "limited purpose" rule of buildings open to the public so as to allow it to apply to express purposes authorized in a private home and accordingly it cannot be said that defendant's entry was without authority; the conviction for burglary must therefore be reversed. We note also that defendant might arguably have been viewed as guilty under the second part of the burglary statute (*remaining* without authority), except that the information expressly charged only an unauthorized *entry*.

■■ Defendant next contends that the sentences for attempt rape and burglary are erroneous and excessive. Because of our reversal of the burglary conviction, we need not consider the sentence on that offense. Defendant relies in part on the statement by the trial court that attempt rape is a Class I felony. Defendant points out that until January 1, 1980, the sentence for attempt to commit a Class X felony "shall not exceed the sentence for a Class I felony." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 8—4(c)(2).) He argues that accordingly the trial court did not properly consider the potential minimum sentence which might have been given to

the defendant. The State responds that the record shows that the trial court recognized the possibility of probation or periodic imprisonment and that therefore the trial court was aware that lesser sentences were available. Although we specifically do not state that the sentence given defendant was an improper result, we believe that the trial court's misstatement of the law sufficiently clouds the record so that we cannot be certain on review that the trial court properly considered the appropriate minimum period of imprisonment which might be given to defendant. Accordingly, we remand the case to the trial court so that it may conduct a new sentencing hearing for defendant's attempt rape conviction and for entry of a sentence which the trial court believes is appropriate in light of all of the factors to be considered under the law.

Defendant additionally contends that his sentence was enhanced because he did not admit his guilt. Although we need not resolve this point in light of the decisions we have made above, we note that the trial court's comments were directed substantially toward the facts surrounding the incident, in that there was no provocation, excuse, or explanation for the acts. This absence is an indication of the aggravated circumstances and the defendant's potential for rehabilitation. *People v. Genovese* (1978), 65 Ill. App. 3d 819, 382 N.E.2d 872.

■■ Finally, defendant contends that the conviction for battery must be reversed because it is based on the same conduct alleged in part in the attempt rape (that he choked complainant with his hands). The information for attempt rape alleges in part that defendant grabbed complainant by the throat, whereas the information for battery alleges in part that defendant choked complainant with his hands. The conduct alleged appears to be different, and in any event, the choking occurred prior to the attempted rape, and the trial court is affirmed. *People v. Downey* (1977), 53 Ill. App. 3d 532, 368 N.E.2d 595.

Defendant's conviction and sentence for battery are affirmed; the conviction for burglary is reversed; and the conviction for attempt rape is affirmed and the case is remanded for a new sentencing hearing for the attempt rape.

Affirmed in part, reversed in part and remanded.

SEIDENFELD, P. J., and LINDBERG, J., concur.