OPINION OF THE COURT
Nicholas A. Clemente, J.
Defendant moves to reargue the denial of a motion to dismiss the indictment as it pertains to a count therein charging burglary in the first degree, contending that the evidence before the Grand Jury was not legally sufficient to establish the commission of the offense charged.
The motion to reargue is granted and upon reargument, the court adheres to its original determination for the reasons which are hereinafter set forth.
Section 140.30 of the Penal Law provides as follows: “A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein”. (Emphasis supplied.)
Subdivision 5. of section 140.00 of the Penal Law defines “enter or remain unlawfully” in part as follows: “5. ‘Enter or remain unlawfully.’ A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person.”
The evidence presented before the Grand Jury shows in substance that the defendant was introduced to the complainant by an individual known as “Duck” who then left *568 the two of them on the stoop to complainant’s house. Duck returned a little while later and asked the defendant to “rip off” the complainant, because he, Duck, needed money for drugs. Defendant continued chatting for a while with complainant and then accompanied him into his apartment, carrying the groceries complainant had purchased earlier. Once inside the apartment, the defendant grabbed the complainant in an armlock, threw him onto the bed and took money from his pocket.
The defendant maintains that this evidence at most indicates an intent to commit a crime but that as an invited guest of the complainant he was privileged to enter and remain in the apartment. Thus, he argues a material element of burglary in the first degree (knowingly enter or remain unlawfully) is lacking and the indictment should be dismissed.
It has been repeatedly held that one who enters unchallenged a place open to the public has a privilege to be there and cannot be found guilty of the crime of burglary (People v Brown, 25 NY2d 374; People v Jones, 50 AD2d 750; People v Ennis, 37 AD2d 573, affd 30 NY2d 535). This is, of course, consistent with the express provisions of the definition contained in subdivision 5 of section 140.00 of the Penal Law set forth supra. The instant case, however, does not involve a public place but rather a private place which defendant had no right or privilege to enter, absent complainant’s permission.
Under the old Penal Law, there is no question that defendant would be subject to a charge of burglary in the first degree. Section 402 of the old Penal Law provided: “A person, who, with intent to commit some crime therein, breaks and enters * * * the dwelling-house of another * * * [i]s guilty of burglary in the first degree.”
Subdivision 3 of section 400 then defined break as: “3. Obtaining an entrance into such a building or apartment, by any threat or artifice used for that purpose, or by collusion with any person therein”.
Clearly under these provisions, the allegation against defendant would rise to the level of burglary. Under the Penal Law as it now stands, however, the matter would appear to be somewhat ambiguous.
*569 In my view, where permission to enter a private dwelling is obtained by means of deception, the defendant is entering or remaining unlawfully (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.00, p 15). To hold otherwise would be to conclude that a masquerade (whether as good Samaritan or as a governmental or utility official) which succeeds in gaining entrance to a home also succeeds in precluding a charge of burglary. It is incredible that the Legislature meant to so reward artifice.
While the defendant might rely heavily upon People v Leichtweis (59 AD2d 383) it is not determinative in the instant case. There the defendants who were seeking to steal money obtained access to a Swissair hangar through the co-operation of a security guard. Prior to this entry, however, the guard had informed his superiors of the defendants’ plan and it had been decided that defendants be permitted to enter the hangar so that they could be apprehended. The Appellate Division held that a conviction for burglary would be impossible because the owner of the hangar, Swissair, had consented to entry by the defendants, knowing that a crime was to be attempted. This holding does not mandate that I find that the defendant here could not have committed a burglary.
The distinguishing feature of Leichtweis is that the deception was practiced by the potential victim. The focal point of the Appellate Division’s inquiry as to whether there had been an unlawful entry, therefore, became the victim’s knowledge and the court merely held that conviction for burglary would be legally impossible when the owner of the premises consented to entry by the defendants knowing that a crime was to be attempted.
In the case at bar, there is sufficient evidence before the Grand Jury for it to fairly conclude that the defendant used the carrying of groceries as a ruse to gain entrance into the complainant’s dwelling. Thus the apparent permission to enter a dwelling was in reality, because of the defendant’s deception, no permission.
It is recognized that the sole presence of the element of “intent to commit a crime therein” does not ipso facto make an otherwise privileged entry into private premises unlawful. *570 * The same facts, however, may be used to establish more than one element, and as in this case, demonstrate that not only did the defendant intend to commit a crime, but also that he knowingly entered or remained unlawfully despite the appearance of privilege.
The defendant, of course, still has his defenses and his day at trial, but being obliged for the purposes of this motion to view the testimony before the Grand Jury as true I find the evidence sufficient to sustain the first count of the indictment charging burglary in the first degree, and it should not be dismissed.
This opinion constitutes the decision and order of the court.

 Under section 405 of the old Penal Law, such entry constituted the misdemeanor of unlawfully entering a building.