THOMAS N. YOUNGER, Circuit Judge.
The appellant was indicted for robbery in the first degree, in violation of Section 13A-8-41, Code of Alabama 1975. The jury found the appellant guilty as charged, and the trial judge fixed sentence at twenty years’ imprisonment in the penitentiary.
Gerald W. Wilson, the owner of Canoe Creek Discount Drugs, located in St. Clair County near the Etowah County line, testified that a lone gunman, armed with a pistol, entered the store about 12:05 P.M., August 4, 1981, and told him, “I want all your schedule-2 drugs.” (R. 8). The owner complied with the gunman’s instructions, and obtained schedule-2 controlled substances from a box under the counter and placed them in a sack. The gunman grabbed the sack, walked out of the store, and left in a blue LTD Ford automobile. Mr. Wilson testified that he took a pistol and fired at the gunman as he was getting into the car, hitting the left outside rear-view mirror on the driver side. He also testified that the gunman was wearing dark blue jean type pants, a light colored shirt which appeared to be burnt orange in color, and had a pantyhose type stocking over his face. He stated that he had the opportunity to observe the whole body and face of the gunman, and identified the appellant as the same person that committed the robbery.
The appellant was apprehended about three hours after the robbery, in Etowah County, by Investigator Johnny Grant of the Etowah County Sheriff’s Department. He testified that the appellant wore blue jeans with a burnt orange slipover shirt, had blood on his pants, and fit the description of the suspect which he had heard over his radio. On cross examination he testified that, on a prior hearing, he had indicated that the shirt worn by the suspect was between a beige and a burnt orange.
Later in the day, a dark blue Ford automobile was found abandoned about three or four miles from the scene of the robbery. The windshield had been shot and one of the side windows had been damaged. A pair of women’s pantyhose was found lying on the front seat of the automobile. Mr. Wilson testified that the abandoned car was the same one used by the gunman in his flight from the drugstore. Another witness, Lillie Swindle, testified that she observed a white male, wearing a rust colored *1386 shirt and blue pants, jump out of the abandoned blue car and get in the back seat of another car nearby. He was carrying a paper sack, and the witness stated that photographs of the appellant, introduced into evidence, looked like the same person she observed getting out of the abandoned automobile.
The appellant testified in his own behalf and denied any participation in, or guilty knowledge concerning, the robbery. He contends that there was insufficient evidence to sustain a conviction, and that the court should have granted a directed verdict in his favor.
On a motion to direct a verdict in favor of an accused, this court is required to consider the evidence in the light most favorable to the prosecution. Bozeman v. State, 401 So.2d 167 (Ala.Cr.App.), cert. denied, 401 So.2d 171 (Ala.1981). Evidence favorable to the prosecution must be taken as true, and legitimate inferences which may be drawn from such evidence must be accorded to the State. Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.), cert. denied, 378 So.2d 1173 (Ala.1979). The state presented evidence sufficient to make out a prima facie case of robbery. The testimony of the victim, who positively identified the appellant, along with strong circumstantial evidence presented, was sufficient to submit the case to the jury, and if believed by them, sufficient to support a conviction for robbery. Arnold v. State, 348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala.1977); Godbee v. State, 56 Ala.App. 174, 320 So.2d 107 (1975).
Having carefully considered the entire record and finding no error adverse to the substantial rights of the appellant, we are of the opinion that this case is due to be, and the same is hereby, affirmed.
The foregoing opinion was prepared by Hon. THOMAS N. YOUNGER, Circuit Judge, temporarily on duty on the Court pursuant to Section 12-2-30(b)(6), Code of Alabama 1975; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.