Kenneth Earl Johnson was indicted and convicted for the capital offenses of murder during a robbery [Ala. Code 1975, §13A-5-40 (a)(2)] and murder during a burglary [§ 13A-5-40
(a)(4)]. The trial court rejected the jury's recommendation of death and sentenced Johnson to life imprisonment without parole, finding that the jury's recommendation was the result of either "a lack of understanding or an erroneous application in balancing the aggravating and mitigating circumstances as provided by law" or "an overpowering argument by the State, seeking the death penalty in an extremely brutal murder of an innocent elderly lady by the defendant who without just or excusable reason perpetrated this crime."
The only issue on appeal involves the sufficiency of the evidence. Johnson argues here, as he did at trial, that the State failed to prove the commission of either a burglary or a robbery, and, therefore, only the crime of murder should have been presented to the jury.
The evidence of robbery and burglary was circumstantial. On June 21, 1983, eighty-two year old Julia Ann Jones was found to have been murdered in her home in Munford, Alabama. She had been severely beaten, and the cause of death was officially listed as blunt injury to the head, neck, and chest. In a confession, Johnson admitted that he hit Mrs. Jones once with his fist, and once with a stick, and that he took seven dollars from her purse. He stated, in effect, that he went to her house on the pretext of using the telephone, she opened the door, and he "went in and pushed the door back up."
The condition of Mrs. Jones's house and body made it obvious that she had struggled and that some fighting had occurred before her death. A money pouch, with broken strings, and containing $90, was found in a bedroom opposite the bedroom where the body was discovered. There was testimony that Mrs. Jones customarily wore this pouch on her person.
The corpus delicti consists of two elements: "(1) That a certain result has been produced, . . . and (2) that some person is criminally responsible for the act." C. Gamble,McElroy's Alabama Evidence § 304.01 (3d ed. 1977).
"In a charge of crime, whether felony or misdemeanor, the state is not entitled to go to the jury on proof of the accused's extrajudicial confession without evidence, independent of the confession, warranting a reasonable inference of the existence of the corpus delicti of the charged crime." McElroy's Alabama Evidence § 304.01. "The corpus delicti may not be established *Page 609 
by a confession or admission standing alone. It follows that a confession or admission alone cannot support a conviction. Putting it conversely, a confession or admission must be corroborated by independent evidence of the corpus delicti." C. Torcia, Wharton's Criminal Law § 28 (14th ed. 1978).
It is undisputed that Mrs. Jones was brutally murdered in her home, and the evidence overwhelmingly establishes the corpus delicti of murder. Taylor v. State, 276 Ala. 232, 236,160 So.2d 641 (1964); Jones v. State, 260 Ala. 341, 345,70 So.2d 629 (1954). The issue here is whether this murder was committed during a robbery or a burglary. "[T]he term corpus delicti does not mean or include the guilty agency of the accused in the commission of the alleged crime for which he is being tried."McElroy's Alabama Evidence, supra.
Count two of the indictment charged that the defendant murdered Mrs. Jones "during the time that" he "knowingly and unlawfully entered or remained unlawfully in the dwelling . . ., with the intent to commit the crime of, to-wit: Theft, therein, and while effecting entry or while in the dwelling or in the immediate flight therefrom, . . . did cause physical injury to" Mrs. Jones. This count charges burglary in the first degree as defined in Ala. Code 1975, § 13A-7-5 (a)(2). The corpus delicti of first degree burglary as charged in the indictment is that the intruder (1) "entered or remained unlawfully" in a dwelling with the intent to commit a crime, and (2) caused physical injury to any person who was not a participant in the crime. Ala. Code 1975, § 13A-7-5 (a)(2). See 13 Am.Jur.2d Burglary § 48 (1964) ("In burglary, the corpus delicti means no more than that there was a burglarious breaking or entering of the house or building charged in the indictment.").
Part (2) of the corpus delicti, the physical injury, was established. The difficulty in this case is with part (1): proving that the intruder entered or remained unlawfully.
Apart from the confession, there is no evidence of how the defendant entered Mrs. Jones's residence. There was no evidence of forcible entry. The kitchen door was found unlocked and "slightly open." The screen door was unhooked. The two other doors to the residence were locked.
There was evidence that Mrs. Jones lived alone, and that on at least one occasion the defendant had used her telephone to place a long-distance telephone call. In the house, an open purse containing an empty billfold was found.
"A person `enters or remains unlawfully' in or upon premises when he is not licensed, invited or privileged to do so." Ala. Code 1975, § 13A-7-1 (4). "A person who is licensed or privileged to enter premises cannot, therefore, commit criminal trespass or burglary under the proposal. Of course, a person who gains admittance through intimidation, deception, trick or artifice does not enter with `license or privilege.'" §13A-7-1, Commentary.
"A conditional or restricted consent to enter land creates a privilege to do so only in so far as the condition or restriction is complied with." 1 Restatement of Torts 2d § 168 (1965). "One whose presence on land is pursuant to a consent which is restricted to conduct of a certain sort, is a trespasser if he intentionally conducts himself in a different manner." Id. at 312. "A consent is terminated when the actor knows or has reason to know that the possessor is no longer willing that the actor shall enter or remain on the land." Id.
at 315. Consent induced by defendant's "conscious misrepresentation as to the purpose for which admittance to the land is sought, may be a fraudulent misrepresentation of a material fact." Id. at 318.
Clearly, the defendant "remained unlawfully" in the dwelling from the point at which he decided to commit a felony. InPeople v. Peace, 88 Ill. App.3d 1090, 44 Ill. Dec. 365,411 N.E.2d 334 (1980), the defendant cajoled a babysitter into allowing him to enter a residence in order to use the telephone. The court reversed his burglary conviction, finding that because his initial entry was authorized he was not guilty *Page 610 
of burglary. The court thereby rejected the "deception, trick or artifice" rationale mentioned in the Commentaries to our burglary statutes, and common to other burglary codes, see,e.g., N.Y. Penal Law § 140.00 (5) at 15 (McKinney 1975), and also rejected the theory of "limited purpose" authority, i.e., that the babysitter's consent extended only to defendant's use of the telephone and any conduct outside of that was nonconsenual. Nevertheless, in dictum, the court observed that "defendant might arguably have been viewed as guilty under the second part of the burglary statute (remaining without authority), except that the information expressly charged only an unauthorized entry." 44 Ill.Dec. at 367, 411 N.E.2d at 336 (emphasis in original).
On the other hand, at least two other appellate courts which have dealt with the issue of an initial entry gained by fraud or trick have concluded, as the Commentaries to our burglary statute suggest, that the entry was unlawful. In State v.Ortiz, 92 N.M. 166, 584 P.2d 1306 (N.M.App.), cert. denied,92 N.M. 79, 582 P.2d 1292 (1978), the defendants gained entry to a dwelling by telling the victim her daughter was in trouble. As the victim left the room to telephone her daughter, the defendants took a money bag and left. The New Mexico court observed the following:
 "Where the consent to enter is obtained by fraud, deceit or pretense, the entry is trespassory because the entry is based on a false consent; that is, the entry is outside the consent that was given. Stated another way, a consent obtained by fraud, deceit or pretense is no consent at all. Such entries are similar to the constructive breaking at common law."
584 P.2d at 1308 (citations omitted).
In People v. Ludlowe, 117 Misc.2d 567, 458 N.Y.S.2d 833
(1983), the defendant gained entry into the victim's house by offering to carry his groceries. Once inside, he robbed the victim. The New York court, construing a burglary statute identical to Alabama's, noted:
 "[W]here permission to enter a private dwelling is obtained by means of deception, the defendant is entering or remaining unlawfully. To hold otherwise would be to conclude that a masquerade (whether as good samaritan or as a governmental or utility official) which succeeds in gaining entrance to a home also succeeds in precluding a charge of burglary. It is incredible that the legislature meant to so reward artifice."
458 N.Y.S.2d at 835 (citations omitted).
The Commentaries to the New York burglary statute set out the following:
 "The word `remain' in the phrase `enter or remain' is designed to be applicable to cases in which a person enters with `license or privilege' but remains on the premises after the termination of such license or privilege."
N Y Penal Law § 140.00 (5) at 16 (McKinney 1975) (Practice Commentaries). See also People v. Licata, 28 N.Y.2d 113,320 N.Y.S.2d 53, 268 N.E.2d 787 (1971).
In the case before us, the fact that Mrs. Jones terminated Johnson's license or privilege to remain on her premises can be inferred from the circumstances that a struggle took place and that she was beaten. See Davis v. State, 44 Ala. App. 284, 288,207 So.2d 649, 653 (1967), cert. denied, 281 Ala. 718,207 So.2d 656 (1968) ("`[N]onconsent need not be proved by direct evidence, but may be inferred from the circumstances.'").
 "Independent evidence of the corpus delicti need not be of such probative strength as that such evidence, standing alone, . . . would . . . satisfy a jury beyond a reasonable doubt of the existence of the corpus delicti. Independent evidence of the corpus delicti may consist solely of circumstantial evidence."
McElroy's Alabama Evidence § 304.01, at 701.
"[I]nconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts *Page 611 
and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti." Watters v. State,369 So.2d 1262, 1271-72 (Ala.Cr.App. 1978), rev'd on other grounds, 369 So.2d 1272 (Ala. 1979).
Breaking is not an essential element of burglary as defined in our criminal code. Perry v. State, 407 So.2d 183, 185
(Ala.Cr.App. 1981). "Under the present indictment and the statute, it is the unlawful entry or the remaining unlawfully which is the gravamen of the offense. It is not required, to sustain a conviction for burglary, that the intended act was consummated." Rowell v. State, 447 So.2d 193, 196 (Ala.Cr.App. 1983), writ. quashed, Ex parte Rowell, 447 So.2d 196 (Ala. 1984).
In our judgment, the State presented proof of the element of entry or remaining unlawfully through the testimony and documentary evidence describing the condition of Mrs. Jones's house and body. Deputy Coroner Clarence Haynes stated that the curtains had been "pulled to the side as if . . . in a scuffle or something." (R. 28). He also noted "obvious scuff marks" on the floor (R. 37), a blood stain and a "crushed-in" place on the bedroom wall depicted in State's Exhibit 3 (R. 24-25), and an overturned table pictured in State's Exhibit 4 (R. 25). The prosecution also introduced several photographs depicting the bloody and battered state of Mrs. Jones's body. Under the circumstances, we find that the corpus delicti of burglary, specifically the element that the defendant "enters or remains unlawfully in a dwelling," was proved prior to the introduction of Johnson's confession.
Likewise, we believe that the corpus delicti of robbery was also proved. A defendant commits robbery in the first degree if "in the course of committing a theft he . . . [u]ses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," Ala. Code 1975, § 13A-8-43, and he "[i]s armed with a deadly weapon or dangerous instrument" or "[c]auses serious physical injury to another," Ala. Code 1975 § 13A-8-41.
There can be no question that the evidence was sufficient to prove that Mrs. Jones's assailant used force and caused her death by means of a deadly weapon or dangerous instrument. The issue here is whether the assailant was, at the time he accosted Mrs. Jones, "in the course of committing a theft." Section 13A-8-40 (b), Code of Alabama 1975, defines that phrase as follows:
 "`In the course of committing a theft' embraces acts which occur in an attempt to commit or the commission of theft, or in immediate flight after the attempt or commission."
Johnson's intent to commit a theft or, at the least, his attempted theft, is inferable from the broken strings on the money pouch found in Mrs. Jones's home and from the open purse with an empty billfold found near her body. The fact that $90 was found intact in a money pouch in another room was immaterial in view of the circumstantial evidence (supported by Johnson's confession that he took $7 from Mrs. Jones) that cash was removed from the billfold near her body. "The fact that other valuables were not taken during the robbery would not have supported a conclusion that there was no robbery."Bracewell v. State, 475 So. 616 (Ala.Cr.App. 1984).
The lack of direct evidence of a taking of property does not undermine Johnson's conviction for murder committed during a robbery or an attempted robbery, since the robbery statutes proscribe attempts as well as completed thefts, see Luke v.State, 444 So.2d 393 (Ala.Cr.App.), aff'd, 444 So.2d 400 (Ala. 1983), cert. denied, Luke v. Alabama, ___ U.S. ___,104 S.Ct. 2374, 80 L.Ed.2d 846 (1984), and Johnson's confession clarifies his intent to rob, see Watters v. State, supra; Marvin v.State, 407 So.2d 576 (Ala.Cr.App. 1981).
The evidence of both burglary and robbery was, in our judgment, sufficient and *Page 612 
Johnson's convictions are due to be affirmed.
AFFIRMED.
All Judges concur.