Jeffrey W. Spear was indicted for hindering prosecution in the first degree in violation of § 13A-10-43, Code of Alabama 1975. The jury found the appellant guilty of "hindering prosecution in the first degree as charged in the indictment." He was sentenced to serve a term of 12 years' imprisonment under the habitual felony offender statute, this sentence to run concurrently with a sentence he was already serving from Lee County, Alabama. *Page 307 
The appellant's conviction stems from his alleged actions in rendering criminal assistance to George Dewayne Cameron following Cameron's commission of the capital murder of Ray Douglas Martin.
Martin was stabbed to death at his home in Phenix City, Alabama on October 31, 1985. Cameron pled guilty to the murder.
On November 2 and 8, 1985, the appellant was questioned by Raymond D. Smith of the Russell County Sheriff's department concerning his involvement in this murder. On November 9, 1985, the appellant gave a statement to Smith detailing his involvement with Cameron on the day of the murder. The appellant's inculpatory statements included an admission that, following the murder and with knowledge of its commission, he had ridden with Cameron in his (the appellant's) automobile to David Robbins' house on Wommack Road. The shoes that Cameron had been wearing at the time of the murder were thrown out of the window at some point before the two reached Robbins' house. (R. 160).
The appellant eventually admitted that he had received $50.00 in rolled coins from Cameron and that he had been with Cameron when Cameron purchased a pair of shoes for each of them. A gun maintenance kit that had belonged to Martin was discovered in the appellant's possession. (R. 213-215). The appellant also informed the officials that he had helped Cameron move some items from the Evans Road area where Cameron had originally discarded them. The officials recovered this property near County Line Road as directed by this appellant.
The appellant told Smith that, when he woke up on the morning of October 31, 1985, Cameron, who had been living with the appellant at his home in Phenix City, Alabama, had gone. He found a note from Cameron which said, "Gone on a mission. Be back tonight. Trick or treat." (R. 155).
The appellant claimed that he was home all day until his common law wife came home from work at approximately 4:00 p.m. He then drove to his brother's house and, when he returned, Cameron had arrived. Cameron then asked him if he could take a bath. After Cameron took a bath, the two went for a ride in the appellant's Camaro automobile.
While the two were in the automobile, Cameron told the appellant that he had walked to Martin's home early that morning. Cameron ransacked Martin's house after he left for work and then waited for him to return so that he could steal some money from him. When Martin arrived, Cameron tried to hit him over the head with an ax. The two began "wrestling" and, when Martin succeeded in removing Cameron's disguise (a ski mask), Cameron stabbed him. He then left in Martin's vehicle (a Jeep), discarded his clothing and drove to Columbus, Georgia. He abandoned the vehicle and caught a taxi cab.
County officials recovered some articles of Cameron's clothing in two different locations designated by the appellant. Cameron's shoes were discovered off of Wommack Road near the Robbins' residence. (R. 160) The appellant guided officials to another spot, this time on "Evans Road", where a pair of Cameron's trousers and a knife were discovered. (R. 159)
The appellant's common law wife, Tamatha Richards, testified that, at the time of the murder, Cameron had been living with her and the appellant for approximately 3 or 4 weeks. Cameron did not have a car on the day in question or the following day. (R. 86, 90) Ms. Richards arrived home from work at approximately 3:40 p.m. The appellant and his two children were there.
Thereafter, the appellant left "to go to the store." He returned at one point before Cameron arrived and them left for "the store" again. While the appellant was still gone, Cameron came into the house and went into the bathroom. After the appellant returned to the house, he and Cameron had a discussion in the hallway. The two then left together and returned in less than an hour (at approximately 9:30 p.m.). Richards testified that Cameron had altered his appearance by shaving.
Tammy Carboni testified that on October 31, 1985, she was living in Phenix City and was familiar with the appellant. She saw *Page 308 
the appellant on Crawford Road near Evans Road driving a Camaro in the direction of Phenix City between seven and eight o'clock p.m. on October 31, 1985.
David Robbins testified that on the day in question he was living on Wommack Road. The appellant and Cameron arrived at his house between 7:00 and 8:00 p.m. that night in the appellant's car. The two stayed at Robbins' residence for approximately 20 minutes and then left.
The appellant returned alone to Robbins' house at 11:30 or 12:00 that night. The appellant told Robbins that "he had to get away from [Cameron]" and that Cameron "had done something that he shouldn't have." (R. 101-102).
 I
The appellant contends that the trial court erred in failing to grant his motion for a directed verdict. He bases his contention on the State's alleged failure to provideindependent proof of the existence of the corpusdelicti in conjunction with his inculpatory statements. We disagree.
It is well-settled in Alabama that:
 " 'In a charge of crime, whether felony or misdemeanor, the state is not entitled to go to the jury on proof of the accused's extrajudicial confession without evidence, independent of the confession, warranting a reasonable inference of the existence of the corpus delicti of the charged crime.' McElroy's Alabama Evidence § 304.01. 'The corpus delicti may not be established by a confession or admission standing alone. It follows that a confession or admission alone cannot support a conviction. Putting it conversely, a confession or admission must be corroborated by independent evidence of the corpus delicti.' C. Torcia, Wharton's Criminal Law § 28 (14th ed. 1978)." (emphasis added)
Johnson v. State, 473 So.2d 607, 608, 609
(Ala.Crim.App. 1985).
"The corpus delicti consists of two elements: '(1) That a certain result has been produced, . . . and (2) that some person is criminally responsible for the act.' "Johnson, supra at 608 (quoting C. Gamble,McElroy's Alabama Evidence § 304.01 (3d ed. 1977).
On a motion to direct the verdict in favor of the accused, this court is required to consider the evidence in the light most favorable to the prosecution. Dooley v. State,437 So.2d 1385 (Ala.Crim.App. 1983); Wilson v. State,428 So.2d 197 (Ala.Crim.App. 1983). See Cumbo v.State, 368 So.2d 871 (Ala.Crim.App. 1978), cert. denied,368 So.2d 877 (Ala. 1979). Furthermore, we have held:
 " 'Independent evidence of the corpus delicti need not be of such probative strength as that such evidence, standing alone, . . . would . . . satisfy a jury beyond a reasonable doubt of the existence of the corpus delicti. Independent evidence of the corpus delicti may consist solely of circumstantial evidence.' McElroy's Alabama Evidence § 304.01, at 701.
 '[I]nconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti.' Watters v. State, 369 So.2d 1262, 1271-72
(Ala.Cr.App. 1978), rev'd on other grounds, 369 So.2d 1272 (Ala. 1979)."
Johnson, supra at 610-611.
Section 13A-10-43 provides:
 "(a) A person commits the crime of hindering prosecution in the first degree if with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a murder or a Class A or B felony, he renders criminal assistance to such person."
Section 13A-10-42 defines "criminal assistance" in the following manner:
 "For the purposes of sections 13A-10-43 through 13A-10-45, a person renders 'criminal assistance' to another if he: *Page 309 
(1) Harbors or conceals such person;
* * * * * *
 (3) Provides such person with money, transportation, weapon, disguise or other means of avoiding discovery or apprehension;
 (4) Prevents or obstructs, by means of force, deception or intimidation, anyone except a trespasser from performing an act that might aid in the discovery or apprehension of such person; or
 (5) Suppresses, by an act of concealment, alteration or destruction, any physical evidence that might aid in the discovery or apprehension of such person."
A close examination of the record reveals that there was sufficient independent evidence of the corpus delicti
presented by the State in this cause.
Certainly sufficient independent evidence existed to support a reasonable inference that the appellant concealed physical evidence necessary for the discovery or apprehension of Cameron. Cameron's shoes and trousers were discovered along Wommack and Evans Roads, respectively. Independent testimony established the appellant's presence at both locations on the night in question.
Cameron was living with the appellant at the time of the murder in question and for the previous three or four weeks. It was established that Cameron did not possess a vehicle on the date in question. Ms. Richards' testimony concerning the appellant's comings and goings on the night in question, with and without Cameron, certainly warrant an inference that the appellant was providing Cameron with transportation.
Robbins' independent testimony indicates that the appellant was aware of Cameron's wrongdoing. In addition, there was nothing to indicate that the appellant was not acting of his own volition.
While the foregoing facts, standing alone, may not have been sufficient to establish the existence of the corpusdelicti beyond a reasonable doubt, we are convinced that they provided sufficient independent evidence and that evidence, in conjunction with the appellant's inculpatory statements, warranted submission of the case for the jury's consideration. See Cumbo, supra; Johnson, supra.
 II
The appellant contends that the trial court erred in admitting what he considers "extensive and overbroad" evidence of the murder from which his conviction stems. He argues specifically that certain testimony (that of Jan Martin Corbett and Captain Thomas F. Boswell) and the photos of the victim were irrelevant, "inflammatory and prejudicial." We find his contention to be without merit.
In light of the fact that the commission of the murder was an essential element of the crime charged, we consider this evidence highly relevant. The trial judge has broad discretion in this regard and this court will not interfere with the exercise of that discretion absent a clear showing of abuse. See Dawkins v. State, 455 So.2d 220 (Ala.Crim.App. 1984); Ward v. State 440 So.2d 1227 (Ala.Crim.App. 1983); Rocker v. State, 443 So.2d 1316 (Ala.Crim.App. 1983).
In addition, we find that no "substantial danger of undue prejudice" existed with respect to this evidence. The photos were not particularly "gruesome"; however, even had they been "ghastly", their admission would not have been erroneous. As long as a photo is relevant, its gruesomeness is no reason for excluding it, even though it is "cumulative evidence based on an undisputed matter." Washington v. State,415 So.2d 1175 (Ala.Crim.App. 1982). See also, Smarr v. State,260 Ala. 30, 68 So.2d 6 (1953); Nichols v. State,267 Ala. 217, 100 So.2d 750 (1958).
The testimony of Ms. Corbett and Captain Boswell was also relevant to prove the commission of the murder. Ms. Corbett found her brother's body. Her testimony, which comprised only six pages in the record, was certainly not "extensive". Boswell's testimony was equally concise and relevant. He merely testified to his actions in securing the murder scene and *Page 310 
taking the photos. The trial judge committed no abuse of his discretion in admitting this evidence. Washington, supra. See Averette v. State, 469 So.2d 1371
(Ala.Crim.App. 1985).
For the foregoing reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.