Rel: May 2, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————————

## CR-2023-0282

————————————————

### Christopher Sandon Ramirez

### v.

### State of Alabama

### Appeal from Montgomery Circuit Court
### (CC-20-35)

After Remand from the Alabama Supreme Court

PER CURIAM.

Christopher Sandon Ramirez appealed his convictions in the Montgomery Circuit Court for driving under the influence of a controlled substance ("DUI"), see § 32-5A-191(a)(3), Ala. Code 1975, and possession of drug paraphernalia, see § 13A-12-12-260, Ala. Code 1975, and the

resulting sentences of confinement in the county jail for one year for his DUI conviction and for six months for his possession-of-drug-paraphernalia conviction, both of which were suspended while Ramirez served two years of supervised probation. This Court affirmed Ramirez's convictions and sentences in Ramirez v. State, [Ms. CR-2023-0282, June 8, 2024] __ So. 3d __ (Ala. Crim. App. 2024).

The Alabama Supreme Court granted Ramirez's petition for a writ of certiorari "to consider whether [this Court's] decision raise[d] a material question of first impression requiring a decision" by that court and "to consider whether [this Court's] decision is in conflict with Ex parte Sorsby, 12 So. 3d 139 (Ala. 2007), and Clark v. City of Mobile, 357 So. 2d 675 (Ala. Crim. App. 1978)." Ex parte Ramirez, [Ms. SC-2024-0532, Jan. 17, 2025] __ So. 3d __, __ (Ala. 2025). In answering that question, the Alabama Supreme Court concluded that our decision was in conflict with Ex parte Sorsby and Clark and held that this Court had erred in finding that Ramirez had waived his right to argue on appeal that the State had failed to provide the notice required under § 12-21-301, Ala. Code 1975, of its intent to rely upon a certificate of analysis in lieu of direct testimony at the trial de novo in the circuit court. Consequently,

the Alabama Supreme Court reversed our decision and remanded the case for proceedings consistent with its opinion.

In accordance with the Alabama Supreme Court's instructions, this Court now reviews Ramirez's claim pertaining to the State's failure to provide the notice required under § 12-21-301 of its intent to rely upon a certificate of analysis in lieu of direct testimony at the trial de novo in the circuit court, and we reverse the circuit court's judgment and remand the case for a new trial.

Section 12-21-301 provides:

"The party seeking to introduce a certificate of analysis shall not less than 40 days prior to the commencement of the hearing or trial, give written notice to all parties of intent to offer proof by a certificate of analysis. The notice shall include a copy of the certificate of analysis."

It is undisputed that the State did not provide Ramirez such notice during the circuit-court proceedings, before his trial de novo. Certainly, under the law-of-the-case doctrine, the Alabama Supreme Court's decision in this matter leaves no doubt that the

"State's notice to Ramirez under § 12-21-301 of its intent to rely upon the [Department of Forensic Sciences ('DFS')] certificate of analysis, in lieu of direct testimony, at the scheduled trial in the district court did not satisfy the State's requirement to give Ramirez notice under § 12-21-301 of the State's intent to rely upon the DFS certificate of analysis, in

3

> lieu of direct testimony, at the trial de novo in the circuit court."

Ex parte Ramirez, __ So. 3d at __. There is no question, therefore, that the certificate of analysis was improperly admitted into evidence at Ramirez's trial de novo in the circuit court. See, e.g., Lee v. State, 748 So. 2d 904, 910 (Ala. Crim. App. 1999); cf. Pruitt v. State, 954 So. 2d 611, 614 (Ala. Crim. App. 2006) (holding that the purpose of the 40-day notice requirement "is apparent: to allow sufficient time to secure the presence of the forensic scientist in those cases in which his or her presence is necessary").

We note that the State previously argued that any error in this case was harmless because the certificate of analysis "provided no more information about Ramirez's methamphetamine use than he himself admitted to police" (State's brief at 21), based on Ramirez's admission to law enforcement that he had ingested methamphetamine approximately 12 hours before his arrest. However, the State's argument ignores the corpus delicti rule and Alabama's long-standing requirement that the State must offer proof of the corpus delicti of the charged offense to authorize the admission of a defendant's confession or inculpatory

statement. See, e.g., Robinson v. State, 560 So. 2d 1130, 1135-36 (Ala. Crim. App. 1989).

"The corpus delicti consists of two elements: '(1) That a certain result has been produced … and (2) that some person is criminally responsible for the act.'" Maxwell v. State, 828 So. 2d 347, 357 (Ala. Crim. App. 2000) (quoting Johnson v. State, 473 So. 2d 607, 608 (Ala. Crim. App. 1985)). "'It has been the rule in Alabama that the State must offer independent proof of the corpus delicti of the charged offense to authorize the admission of a defendant's confession or inculpatory statement.'" Id. (quoting Robinson, 560 So. 2d at 1135-36).

"'"As Professor Gamble has observed:

"'"'The purpose of requiring proof of the corpus delicti, as a condition precedent to the admission of a confession, is to insure its trustworthiness. For this reason, there is some judicial language to the effect that corroborative evidence independent of the confession need not be sufficient to establish corpus delicti but must be sufficient independent evidence which would tend to establish the trustworthiness of the confession.'

"'"McElroy's Alabama Evidence, § 200.13 at 100 (5th ed. 1996)."'"

Revis v. State, 101 So. 3d 247, 269 (Ala. Crim. App. 2011) (quoting Maxwell v. State, 828 So. 2d 347 (Ala. Crim. App. 2000)).

In this case, the State was required to prove that Ramirez operated an automobile while under the influence of a controlled substance. We cannot say that Ramirez's confession to having ingested methamphetamine renders the admission of a certificate of analysis without the statutorily required notice harmless when that certificate served as the most direct, independent proof of the corpus delicti of the charged offense.

Accordingly, we reverse the judgment of the circuit court and remand the case to the circuit court for a new trial.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, Cole, Minor, and Anderson, JJ., concur.